## Gibson v. Commonwealth.

(Decided May 11, 1923.)

### Appeal from Mercer Circuit Court.

1. Criminal Law—Defendant's Evidence in County Court to Refute that Illegally Obtained May be Used Against Her in Circuit Court.—Where defendant was first tried in the county court, where evidence was offered against her which she claimed was obtained by an illegal search of her premises, evidence voluntarily produced on her behalf in that court was not obtained by means of the illegal evidence which it was intended to refute, and can be used against her on her trial in the circuit court.

2. Intoxicating Liquors—Evidence Held to Sustain Conviction for Unlawful Possession.—Evidence that the whiskey possessed by accused was hidden under a trapdoor in the floor which was covered by a rug and partly under the bed, with the evidence of the bad reputation of the accused for the illicit handling of liquor, held sufficient to sustain a conviction for unlawful possession of the liquor notwithstanding defendant's testimony the whiskey was lawfully acquired by her husband before his death and was hidden to protect it from a tenant.

3. Intoxicating Liquors—Reputation is Admissible to Show Unlawful Possession.—Under Acts 1922, c. 33, section 15, making admissible in any prosecution for any violation of the act the reputation of the accused for the illicit trade in liquor, such reputation is admissible for the purpose of showing an unlawful possession of the whiskey which accused claimed she possessed for a lawful purpose.

4. Intoxicating Liquors—Whiskey Lawfully Acquired is Unlawfully Possessed if Intended for Unlawful Use.—The unlawful possession of whiskey applies to the uses and purposes of the possession as well as to the manner of acquisition, so that one may have lawfully acquired whiskey and still so use it as to render the possession unlawful.

C. C. BAGBY and CHARLES CORN for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Moorman—Affirming.

Lillie Gibson was convicted in the Mercer circuit court of unlawfully having in her possession intoxicating liquors not for sacramental, medicinal, scientific, or mechanical purposes. She has appealed, contending: First, that the evidence showing that she had the liquor in her possession was incompetent because it became available as the result of an illegal search; and, second, it was conclusively shown that the liquor was lawfully possessed. If either position is maintainable, the judgment must be reversed.

The warrant on which the accused was tried was issued in the county court. It is intimated in the record that on that trial it was shown that the liquor was discovered by officers acting under an illegal search warrant. On the trial in the circuit court nothing disclosed by the search was introduced in evidence. It appears, however, that to avoid the effect of the incompetent testimony given in the county court appellant introduced evidence which the Commonwealth utilized, and upon which it relied for a conviction in the circuit court. It is insisted that this evidence must be regarded as having been disclosed by the search. To this view we cannot subscribe, since the evidence was voluntarily given by a witness that appellant called. The testimony that he gave was not disclosed by the search, nor was the giving of it forbidden by any constitutional right of appellant. It was used for what it was worth on the first trial, and, having been disclosed at that time, could be utilized by the Commonwealth on appeal.

The defense of lawful possession rests on the claim that the liquor was lawfully acquired. Under the act of March 22, 1922, the burden was on the accused to show that it was lawfully acquired, possessed and used. She testified that it was placed in a closet in her living room by her husband in the spring of 1919, and, in December of that year, but after her husband's death, which occurred in the summer, she stored it under the floor. In this she was corroborated by her son and the main witness for the Commonwealth. Her excuse for concealing the whiskey was that one of her tenants was occupying a part of her residence while waiting for another tenant to vacate a house, and she did not want the tenant to know that she had the whiskey. The excuse is hardly credible, in view of her admission that the whiskey was

in a closet in her room, and there was no occasion for the tenant's entering the closet. It appears that, after the whiskey was stored under the floor, she placed a rug over the trapdoor that had been made in the floor, and located a bed at a point where it partially, if not wholly, covered the door. These circumstances, with appellant's reputation for the illicit handling of liquor, are relied on by the Commonwealth as sufficient evidence of the unlawfulness of the possession to justify the submission of the case to the jury.

The act of 1922 provides that "in any prosecution" for any violation of the act, the reputation of the accused as to moonshining, bootlegging or engaging in the illicit manufacture of or trade in liquor may be shown. Under this provision appellant's bad reputation was admissible in evidence for the purpose of showing an unlawful possession of the whiskey. Besides, the phrase, "unlawfully have in possession," applies, as we construe it, to the uses and purposes of the possession as well as to the manner of acquisition. One may have lawfully acquired liquor and yet may so use it as to render its possession inimical to the statute. Hence, on a charge of unlawful possession it is competent to prove facts and circumstances tending to show an illegitimate use or, in other words, a possession for unlawful purposes.

Appellant's manner of concealing the liquor, with her proven reputation as authorized by the statute, was in our opinion sufficient evidence of the offense to submit the case to the jury and to justify a verdict of guilty.

The judgment is affirmed.