PROVOSTY, J.
After accused had been regularly tried before a jury on the charge of cow stealing, and convicted, he moved for a new trial, on the grounds that he had not been represented by counsel at the trial, none having been assigned him by the court, and that the verdict was contrary to the law and the evidence, because the evidence which was adduced against him had not been sufficient to make out a case of stealing.
The facts as stated in the bill of exception taken to the refusal of the new trial are that the cow in question was a calf belonging to the community of acqu§ts and gains that had existed between the mother of defendant and his deceased father; that, defendant having sold the calf to a butcher, the mother of defendant sued the butcher; that the only evidence adduced on the trial was that of the butcher, to the effect that defendant had sold the calf to him, and that of the justice of the peace, to the effect that defendant’s mother had brought suit and recovered the calf; that defendant’s mother, being sick, had been unable to appear at the trial; and that defendant, being ignorant of court proceedings, had gone to trial without her testimony, which would have been to the effect that she had given general authority to her sons to sell her cattle and had never revoked this authority.
In support of the motion for a new trial an affidavit of the mother to substantially the above effect was offered in evidence.
The trial judge states in his per curiam that a witness testified on the trial that the calf belonged to the mother individually, and not to the community of acquSts and gains. ■ Apart from this, the trial judge does not question the correctness of the statement of facts contained in the bill of exceptions.
[1] The learned counsel for accused do not contend that the nonassignment <j>f counsel is a ground for a new trial; for it is not. State v. Sims, 117 La. 1036, 42 South. 494.
Nor do they contend that the jurisdiction of this court extends to reviewing the question of the guilt or innocence of the accused. But their contention is that by the said facts the crime of cow stealing was not made out, and hence that the question presented is one purely of law.
[2, 3] No doubt, if from the record an accused appears to have been convicted without any evidence at all having been produced against him — literally none at all — a question purely of law is presented. But in this case there was evidence produced, and the question which defendant seeks to have thi^ court review is that of the sufficiency of that evidence; in other words, pass on the question of guilt or innocence.
Judgment affirmed.
O’NIELL and DAWKINS, JJ., dissent.