O'NIELL, J., being absent from the state, takes no part in the decision of this case.

---

(94 South. 439)

No. 25502.

## STATE v. ROGERS.

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ☞949(3)—Permission to annex testimony to motion for new trial properly denied, when requested after motion had been passed on.**

    Permission to annex the testimony to defendant's motion for a new trial was properly denied, if requested after the motion had been passed on, as the motion could not be thus enlarged after it had been passed on.

2. **Criminal law ☞1176—Denial of permission to annex testimony to motion for new trial held harmless.**

    Refusal of permission to defendant to annex the testimony to his motion for new trial was harmless, as the testimony could be considered by the trial judge without being so annexed and could be brought to the Supreme Court by being annexed to the bill of exceptions to the refusal of the new trial.

3. **Criminal law ☞1159(2)—Only total absence of evidence and not mere insufficiency of evidence material in Supreme Court.**

    In the Supreme Court the testimony is only useful if showing a total absence of evidence of guilt and not merely an insufficiency of evidence, however manifest such insufficiency may appear to the judges of the Supreme Court.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Comer Rogers was convicted of selling intoxicating liquor for beverage purposes, and he appeals. Affirmed.

Ponder & Ponder, of Franklinton, for appellant.

A. V. Coco, Atty. Gen., and M. J. Allen, Dist. Atty., of Amite (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

PROVOSTY, C. J. [1, 2] Accused has appealed from a conviction of selling intoxicating liquor for beverage purposes. His trial was before the judge, without a jury. He moved for a new trial, on the ground that the verdict was contrary to the law and the evidence. He complains that he was refused permission to annex to his said motion for a new trial the testimony in the case, which had been taken by a stenographer. The record does not show whether the request for this permission was made before or after the motion for new trial had been passed on. In the latter event, the ruling was entirely correct, since, very evidently, a motion for new trial cannot be thus enlarged after it has been passed on. But even if the request was made before the motion had been passed on, we do not see how the accused was injured, since the testimony could be considered by the trial judge just as well without being thus annexed, as by being thus annexed, and could be brought up to this court just as well by being annexed to the bill of exception to the refusal of the new trial, as to the motion for new trial.

[3] We may add that said testimony, if brought to this court, could have been useful only if showing a total absence of evidence of guilt, not merely an insufficiency of evidence, however manifest such insufficiency might appear to the judges of this court; and moreover that it is extremely improbable the trial

judge would have convicted accused if no evidence at all had incriminated him.

Judgment affirmed.

O'NIELL, J., being absent from the state, takes no part in the decision of this case.