THOMPSON, J.
From a conviction of murder without capital punishment and a sentence to the penitentiary for life, the defendant, Marion Edwards, prosecutes the present appeal.
He claims, in four bills of exception, errors committed to his prejudice in the court below, and on account of which he should have a new trial. The first two, however, the defendant’s counsel expressly abandoned on the argument in this court; None the less, we have considered them, and find them without serious importance.
Bill No. 3.
This bill was reserved to certain remarks made by an attorney employed to assist in the prosecution, and which are claimed to have been prejudicial to the defendant. The objectionable remarks were:
“Gentlemen of the jury, there are (is one of) four verdicts that you may return in this case: Guilty as charged, which would mean that the defendant would be sent to the gallows; guilty as charged without capital punishment, which, while it would mean the sentencing of the defendant to the penitentiary for Ms natural life, really only means that- he would have to serve about 15 years at most.”
The bill does not disclose whether or not counsel stated to the jury the other two verdicts, one of which the jury was authorized *308 to find, those of manslaughter and not guilty. On objection being made by counsel, the court charged the jury to pay no attention to remarks of counsel outside of the record, and that at the proper time he would charge the law applicable to the case. The record does not show the fact, but we must assume that the judge in his final charge explained to the jury the several independent verdicts, any one of which the jury was authorized to render, including the qualified one which was rendered, and that he explained the punishment attached to each.
The jury in a criminal case has not been given the authority in this state to assess the punishment to be imposed, except to qualify its verdict in a capital case. The power to determine the degree and the manner of punishment in all cases not capital is confided aloné to the trial judge. In view of this fact it would better subserve the impartial administration of the laws, if prosecuting attorneys would refrain from commenting on the question of punishment in a manner calculated to influence improperly the verdict of the jury.
The assistant attorney in this case misstated the law when he said that a life imprisonment meant at most 15 years in the penitentiary. But'we are unable to perceive in what possible manner the statement was prejudicial to the accused. The evident purpose of the remarks, if it can be said that the attorney had any special purpose in mind at all, was to try to induce the jury not to qualify its verdict, and the fact that the jury did qualify its verdict is sufficient proof that the statement of the prosecutor had no effect on the minds of the jury. We are not authorized to assume that the jury was induced to find the verdict for the higher crime instead of one for manslaughter on the misstatement of the-punishment attached to the superior crime, nor are we justified in assuming that the jury accepted the statement of counsel in preference to the charge of the court. The judge did all that he was authorized to do and all that was requested of him by the counsel for the defendant.
The case of State v. Johnson, 151 La. 627, 92 South. 139, has no pertinent application to this case. In that case the attorney stated to the jury that the law which authorized the jury to qualify its verdict was a farce, and the jury was appealed to to disregard it and send the accused to the gallows. An unqualified verdict followed that appeal. The judge, though requested, declined to instruct the jury, and by reason of that fact and his complete silence approved the argument and statement of the counsel. In the cited case, though the court deemed the argument improper and prejudicial, it was said that, if, when objection was made, the judge had charged the jury that the district attorney had no right to use the language he did, and had otherwise instructed them as to their right and duty with regard to the verdict they were authorized to render under the law, it might have cured the error.
In this case there was no prejudicial error in the remarks of counsel, but, if there were, the error was not such as could not be and was not cured by the charge of the judge.
Bill No. 4.
This bill is to the refusal to grant the defendant a new trial. The .motion is quite lengthy, and, in addition to the alleged errors already considered, alleges that the jury failed to give to the defendant the benefit of a. reasonable doubt; that the jury refused to believe the defendant’s witnesses, though such witnesses were not contradicted nor impeached. The motion further recites the facts which it is claimed by counsel were established on the trial, and which made out a case of self-defense; and we are asked to review such facts and to find that the jury’s verdict was not responsive thereto.
To do so would be to usurp a power *310 peculiarly vested in the jury, and of which this court has no jurisdiction. Const. 1921, § 10, art. 7; and section 9, art. 19.
The verdict and sentence appealed from are therefore affirmed.
ST. PAUL, J., dissents.
Rehearing denied by Division B', composed of DAWKINS, LAND, and LECHE, JJ.