(101 South. 382)

No. 26071.

## STATE v. BUSH.

(July 8, 1924. Rehearing Refused by Whole Court Sept. 25, 1924.)

*(Syllabus by Editorial Staff.)*

**Criminal law** ⊝159(2)—**Court will not weigh evidence where there is any sufficient * to support conviction.**

Where there is any evidence to sustain conviction, the Supreme Court will not pass upon its sufficiency.

Appeal from City Court of Alexandria; Al. Hundley, Judge.

A. Bush was convicted of selling intoxicating liquors, and he appeals. Affirmed.

T. A. Carter, of Alexandria, for appellant

A. V. Coco, Atty. Gen., Cleveland Dear, Dist. Atty. (S. L. Richey, of Alexandria, T. Semmes Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, of counsel), for the State.

By the WHOLE COURT.

ROGERS, J. Defendant was charged by affidavit in the city court of the city of Alexandria with the offense of selling intoxicating liquor for beverage purposes in violation of Act 39 of 1921 (Ex. Sess.) known as the "Hood Bill."

In response to a motion and order for a bill of particulars, it was shown that the liquor in question consisted of two bottles of tincture of ginger containing 90 per cent. of alcohol sold by defendant personally.

Defendant was convicted, and it being his second offense under the statute, he was sentenced to pay a fine of $1,000 and to serve four months in the parish jail, and, in default of payment of the fine and costs, to serve twelve months' additional in the parish jail, subject to work on the public roads of the parish.

The record contains only one bill of exception, which was taken to the action of the trial judge in refusing defendant's motion for a new trial.

Defendant, in his motion, sets forth his version of the facts, and the trial judge, in his per curiam, states the facts as he appreciated them.

Counsel for defendant contends that this court has the power to review the facts for the purpose of determining the character of the proof offered and for the purpose of reaching the conclusion, as a matter of law, that no crime had been committed by the defendant.

If defendant had been convicted without any evidence at all being presented against him, and it was so shown by the record, a question of law would be involved which would be reviewable. State v. Wells, 147 La. 822, 86 South. 268. This, however, is not the case here. According to the record, evidence was not lacking on the question of the guilt or innocence of the defendant. The trial judge was certainly convinced of his guilt, or he would not have pronounced a judgment of conviction. The issue presented by defendant for review by this court is not one of lack of evidence, but one involving the sufficiency of the evidence; in other words, the court is requested to pass on the question of defendant's guilt or innocence. This it has not jurisdiction to do. State v. Wells, cited supra.

The conviction and sentence appealed from are affirmed.

ST. PAUL, J., concurs in the decree.

Rehearing refused by the WHOLE COURT.