OVERTON, J.
 

 Paul Giangosso was indicted by the grand jury of the parish of Jefferson for having received and bought certain parts of an automobile, to wit: One generator, one self-starter, two bumpers, one wheel, one tire, one motor meter, two headlights, one stop light, two seats, and one windshield, of the value of $300, the property of. the National Fire Insurance Company of Hartford, Conn., well knowing at the time he received and bought said parts that they had been willfully and feloniously stolen, and ■ by false pretenses obtained from the owner thereof. He was tried and found guilty. 1-Ie filed a motion for a new trial, and also a motion in arrest of judgment, both of which were overruled. The court then sentenced him to a period in the parish jail of not less than six months nor more than nine. 1-Ie has appealed from the verdict rendered and the sentence imposed to this court.
 

 The motion for a new trial sets out that the verdict of the jury should be set aside, and the case again tried, for the following reasons, to wit:
 

 “(1) Because the verdict of the jury is contrary to the law and the evidence.
 

 “(2) Because, under the evidence, the defendant, if guilty of any offense, is guilty of conspiring to defraud the National Eire Insurance Company, of which said offense this court would have no jurisdiction.
 

 “(3) Because the evidence produced by the state of Louisiana, established beyond any question of doubt that no larceny of the automobile of Paul Giangosso was ever committed, but, on the contrary, said automobile was taken with his consent’ by the state witness, Gratt, and hidden for the purpose of the collection of the insurance upon said automobile; and that said hiding of said automobile by [the] agent of Giangosso is not larceny.
 

 “(4) Because, according to the state’s evidence, the greater portion of the property alleged to have been received as stolen property came into the possession of the defendant in the parish of Orleans, and with no certainty was any portion of said property proved to have come into the possession of your defendant in the parish of Jefferson.
 

 “(5) Because under the laws of this state; no conviction can be had for receiving stolen goods unless the state of Louisiana proves that the goods claimed to have been received were actually stolen goods, when, as a matter of fact the evidence produced by the state established, beyond any question, that the goods were not stolen and no larceny had been committed.”
 

 When the motion for a new trial was overruled, defendant excepted to the ruling. The
 
 *363
 
 bill of exceptions, based on this ruling, omitting the closing part, which is purely formal, reads as follows:
 

 “Be it remembered that upon the trial of the above-numbered and entitled cause, the accused being present in court, the state being represented by O. A. Buchler, and the accused by Prentice E. Edrington, Jr., and the .accused having filed a motion for a new trial, copy of which said motion for a new trial is attached hereto and made part hereof as if written in full; and upon the introduction of the evidence, which is also attached hereto and made part hereof, showing that the state of Louisiana, in the presentation of its case, established by state witness that the automobile claimed to have been stolen
 
 was in fact never stolen; that it was hidden by a conspiracy between the state witness and the defendant,
 
 and that therefore said automobile was not a subject of larceny, and the taking of same was not a larceny, and that therefore the accused could not be charged with having received stolen goods. * * * ” (Italics ours.)
 

 To the foregoing bill, the trial judge attached the following per curiam:
 

 “The above and foregoing bill of exception having been tendered to the undersigned judge for signature, and containing substantially the facts, as shown by the documents hereto annexed, same is signed by the court, as required by law.”
 

 In order . to understand fully the foregoing per curiam, it is necessary to consider it in connection with the motion for a new trial, attached' to and expressly made a part of the bill of exceptions, and in connection with the documents referred
 
 to in
 
 the per curiam itself.
 

 The motion for a new trial, as we have seen, sets out substantially, among other things, that the evidence produced showed that the automobile, at the time it was said to have been stolen, belonged to defendant, and that it was hidden with defendant’s consent by the state witness Gratt, for the purpose of collecting the insurance thereon. The documents referred to in the per curiam, and attached to the bill, show that'the insurance was collected by defendant from the National Eire Insurance Company, the owner of the parts, set out in the bill of indictment; that, upon paying the insurance, the insurer became the owner of the automobile; that thereafter defendant, presumably upon the finding of the automobile, purchased it from the insurance company, but that the parts, set out in the bill of indictment, which seem to have been still missing at the time of the purchase, remained the property of the insurance company.
 

 As the trial judge has approved the statement of facts contained in the bill of exceptions, which necessarily includes those carried into it by reference to other documents, we understand his finding to be that the evidence established that the automobile, which belonged to defendant at the time it was said to have been stolen, and which included, at that time, the parts set out in the bill of indictment, was in fact not stolen, and hence, that the parts mentioned, which then formed part of it, were not stolen, but instead that the automobile, which then included the parts mentioned, was hidden in pursuance of a conspiracy between a state witness and defendant for the purpose of obtaining the insurance thereon, as if the automobile had in fact been- stolen.
 

 This court has repeatedly held that it will not examine the evidence, even though attached to and brought up with a bill of exceptions, taken to the overruling of a motion for a new trial, in order to ascertain whether or not the evidence was sufficient to justify the verdict. "We adhere to this jurisprudence. While we adhere to it, yet upon the other hand, and in perfect accord with that jurisprudence, we have said that if it appeared that the trial judge overruled a motion for a new trial, when no evidence at all was adduced against the accused, a question of law only would be presented, which would be reviewable on appeal. State v. Bush, 156 La. 973, 101 So. 382; State v. Wells, 147 La. 822, 86 So. 268.
 

 
 *365
 
 The question presented by the bill of exceptions, in the case at bar, is only a question to be decided upon the findings of fact made by the trial judge in passing upon the motion for a new trial. The question presented is: Did the trial judge err as a matter of law in refusing to grant a new trial upon the findings of fact made by him ? On this question we think that we have jurisdiction, for the question presented is only one of law, and section 10 of article 7, Constitution of 1921, grants us jurisdiction in criminal cases on questions of law.
 

 Entertaining jurisdiction for the reasons stated, we may say that we are of the opinion that the trial judge erred in not granting the new trial on the findings of fact made by him, for, in order to convict on the charge of receiving propérty, knowing at the time that it was stolen or obtained by false pretenses, it must appear that the property was stolen or obtained by such pretenses. As the trial judge found that the evidence established that the automobile, which included the parts enumerated in the bill of indictment, was not stolen, but was secreted by defendant and a witness for the state, in pursuance of a conspiracy between those two, for the purpose of obtaining the insurance thereon, as if it had been, in fact, stolen, it follows from the findings of the trial judge that the first phase of the charge against defendant was not established.
 

 With respect to the second phase of the charge against defendant, as the judge found that the property was secreted by defendant and another, for the purpose stated, we think that this finding shows that defendant, in receiving the property, merely repossessed himself of property which was not obtained by false pretenses, but which he had fraudulently concealed.
 

 For the foregoing reasons we think the trial court should have granted a new trial.
 

 It is therefore ordered, adjudged, and decreed that the verdict and the sentence appealed from be annulled and set aside, and that this case be remanded- to the lower court to be proceeded with according to law.