(106 So. 716)

No. 27331.

### STATE v. GREMILLION.

(Nov. 30, 1925.   Rehearing Denied Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⬤⟿1158(1)—**Judge's conclusions on questions of fact in case tried without jury are final.**

When criminal case is tried by judge without jury, judge's conclusions on questions of fact relating to the question of guilt or innocence are final.

2. **Criminal law** ⬤⟿1158(1)—**Supreme Court has not jurisdiction of questions of fact in criminal case.**

Under Const. art. 7, § 10, and article 19, § 9, Supreme Court has not jurisdiction of questions of fact that may determine guilt or innocence of defendant in criminal case.

3. **Intoxicating liquors** ⬤⟿139—**Person may violate law by having in possession for beverage purpose intoxicating liquor lawfully acquired.**

In prosecution for possessing liquor for beverage purposes, in violation of Act No. 39 of 1921 (Ex. Sess.), *held* that it is possible for person to violate the law by having in his possession for beverage purposes intoxicating liquor that he acquired lawfully for medicinal purposes.

4. **Intoxicating liquors** ⬤⟿202—**Indictment must charge that liquor was possessed for beverage purposes.**

An indictment under Act No. 39 of 1921 for having intoxicating liquor in one's possession is not valid which does not charge that liquor was possessed for beverage purposes.

5. **Criminal law** ⬤⟿1134(3)—**Conviction without any proof or evidence of fact forming essential element of crime charged may be corrected on appeal.**

Where conviction is had without any proof of a fact which forms an essential element of crime charged, conviction is an error of law, which may be corrected on appeal.

6. **Intoxicating liquors** ⬤⟿236(6½)—**Evidence held sufficient to support conviction for possessing liquor for beverage purposes.**

In prosecution for possessing liquor for beverage purposes,·in violation of Act No. 39 of 1921, *held*, that evidence showing that accused took drink from bottle containing prescription whisky, in a dance hall, was sufficient to support conviction.

7. **Criminal law** ⬤⟿1159(2)—**Supreme Court has no jurisdiction over question of whether facts showed beyond reasonable doubt that accused had whisky in his possession for beverage purposes.**

Whether fact that accused took a drink of prescription whisky in dance hall was enough to eliminate all reasonable doubt that he had

whisky in his possession for beverage purposes, and not for medicinal purposes, is question over which Supreme Court has no jurisdiction.

Brunot, St. Paul, and Rogers, JJ., dissenting.

Appeal from Ninth Judicial District Court, Parish of Rapides; R. C. Culpepper, Judge.

Herman Gremillion was convicted of having intoxicating liquor in his possession in violation of Act No. 39 of 1921, and he appeals. Affirmed.

Frank H. Peterman, of Alexandria, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

O'NIELL, C. J. Appellant was convicted of the offense of having intoxicating liquor in his possession for beverage purposes in violation of Act 39 of 1921. He moved for a new trial, attaching to his motion a statement of facts, admitted by the district attorney to be the facts on which the conviction was founded. The facts so admitted are as follows:

"The defendant, Herman Gremillion, while attending a public dance in the village of Echo, in the parish of Rapides, La., on the date alleged in the indictment (the 25th of April, 1925), took from his pocket a pint bottle containing whisky, which he had obtained on a prescription issued by a licensed physician, which prescription had been filled by a druggist. The accused had obtained the whisky legally, for medicinal purposes, on March 23, 1925. When he took the bottle out of his pocket, the doctor's prescription above referred to was on the bottle, and he took a drink out of the bottle and put it back into his pocket. During the evening he engaged in dancing, and was in the dance hall when he took the drink."

The purpose of the learned counsel for appellant in obtaining an admission of the facts on which the conviction was founded was to eliminate all questions of fact on which might depend the defendant's guilt or innocence, and to show on appeal that the conviction, which he alleges was an error on the part of the judge, was an error of law, not of fact. The argument on behalf of the appellant is that he could not have in his possession unlawfully whisky that he had acquired lawfully—that he could not have in his possession for beverage purposes whisky which he had obtained for medicinal purposes, even though he had obtained it a month before. In a sense, though not in the usual sense, the defendant pleaded prescription.

The only question that was left for the judge to decide, from the facts that were admitted, was whether the defendant had the whisky in his possession for beverage purposes or for medicinal purposes. That was not a question of law, but a question of fact, and it was the only question on which depended the ultimate question of guilt or innocence. Stated somewhat differently, the question that is propounded to us for decision is whether the facts which were admitted were sufficient to justify the conclusion beyond a reasonable doubt that the defendant had the whisky in his possession for beverage purposes and not for medicinal purposes.

[1, 2] When a criminal case is tried by the judge, without a jury, as this case was tried, the judge's conclusions on questions of fact relating to the question of guilt or innocence are final. This court has not jurisdiction of questions of fact that may determine the guilt or innocence of the defendant in a criminal case. Const. art. 7, § 10, and article 19, § 9.

[3] The only question of law that is propounded in this case is whether it is possible for a person to have in his possession *for beverage purposes,* and therefore in violation of the law, intoxicating liquor that he has acquired lawfully, *for medicinal purposes.* Our answer is that it is possible for a person to violate the law by having in his possession for beverage purposes intoxicating

liquor that he acquired lawfully; e. g., for medicinal purposes. That is what the Court of Appeals of Kentucky thought of the matter under a somewhat similar statute. See Gibson v. Commonwealth, 199 Ky. 167, 250 S. W. 828. It is the *possessing* of intoxicating liquor, and not the acquiring of it for beverage purposes, that Act 39 of 1921, in terms, and among other things, forbids. We must not confound the act of *possessing* the liquor, which might be for beverage purposes and therefore unlawful, with the act of *acquiring* the liquor, which might have been for medicinal purposes and therefore lawful. ·

[4] Act 39 of 1921 does not, specifically, exempt from its effect the possessing of intoxicating liquor as a medicine prescribed by a physician. The reason why it is not a violation of the law to possess intoxicating liquor for medicinal purposes is that the statute does not forbid the possessing of intoxicating liquor unless it is for beverage purposes. An indictment for having intoxicating liquor in one's possession is not valid if it does not charge that the liquor was possessed for beverage purposes. State v. Wilkerson, 156 La. 881, 101 So. 252.

In this connection, it is significant that the fourth section of Act 39 of 1921, which says that the act shall not be construed as forbidding the possession of intoxicating liquor in one's private dwelling or abode, provided the liquor was acquired legally and is used only for home consumption and for the entertainment of bona fide guests therein, is confined to the possessing of the liquor "in one's private dwelling or abode." We do not mean by this that intoxicating liquor that has been legally acquired, as, for example, on a doctor's prescription, cannot be possessed lawfully elsewhere than in a private dwelling or abode. What we mean to say is that this exemption of intoxicating liquor that has been legally acquired, and that is being used only for home consumption

and for the entertainment of bona fide guests, applies only so long as the liquor is "in one's private dwelling or abode"; which means that it is legally possible for such intoxicating liquor, having been legally acquired, to lose its exemption if it leaves the private dwelling or abode.

[5] It is argued that appellant was convicted without any proof or evidence at all that his possessing the whisky was for beverage purposes. If that were true, the conviction would be illegal, and we would have jurisdiction to grant a new trial. It is well settled that, when a conviction is had without any proof or evidence at all of a fact which forms an essential element of the crime charged, the conviction is an error of law, which may be corrected on appeal. State v. Wilson, 141 La. 404, 75 So. 95, Ann. Cas. 1918D, 789; State v. Wells, 147 La. 822, 86 So. 268; Fernandez v. Perez, 151 La. 526, 92 So. 45; State v. Bush, 156 La. 973, 101 So. 382; State v. Gani, 157 La. 231, 102 So. 318; State v. Giangosso, 157 La. 360, 102 So. 429; State v. Dunnington, 157 La. 369, 102 So. 478.

[6, 7] It cannot be said that there was no evidence at all in this case that the defendant possessed the whisky for beverage purposes and not for medicinal purposes. The judge says in his per curiam, attached to the bill of exceptions taken to the overruling of the motion for a new trial, that he was convinced beyond a reasonable doubt that the defendant was using the whisky as a beverage and not for medicinal purposes, and that he, the judge, in coming to that conclusion, took into consideration the admitted circumstance that the defendant was taking part in the dance, and was therefore apparently well, and that he drank the liquor from the bottle, and in the dance hall, in full view of the assembly. It is not polite, to say the least of it, for a gentleman in a public dance hall to take a flask out of his pocket, and, in full view of the ladies and gentlemen as-

sembled there, to drink a dose of medicine out of the flask. Perhaps if the defendant in this case had retired from the dance hall, and had measured out a dose of the whisky with a spoon or medicine glass, after having looked at his watch to make sure that it was time to follow the doctor's prescription, the judge would not have been convinced beyond a reasonable doubt that the possessing of the whisky was for beverage purposes. Whether the defendant's indiscreet way of taking the drink or dose in this case was enough to eliminate all reasonable doubt that he had the whisky in his possession for beverage purposes and not for medicinal purposes is a question over which we have not jurisdiction.

The verdict and sentence are affirmed.

ST. PAUL, ROGERS, and BRUNOT, JJ., dissent, and BRUNOT, J., will hand down reasons.

BRUNOT, J. I respectfully dissent from the majority opinion in this case, because this court has repeatedly held that, regardless of the finding of fact by the trial judge, if the record discloses that no evidence at all was offered in support of a material fact, the proof of which is essential to complete the crime or offense charged, this court will avoid a verdict and will remand the case or discharge the accused as the circumstances may require. It is my opinion that such a case is presented here. It is admitted that the proof on which the conviction was had is contained in the agreed statement of facts found on page 7 of the transcript. The admitted facts must be accepted by us literally, regardless of anything the trial judge has said in his per curiam to defendant's bill of exceptions. It is the fixed jurisprudence of this state that where there is a variance between the statements in the bill of exceptions and those of the trial judge in his comments thereon, the testimony as taken down at the time

of the trial shall govern. By the same token, when the district attorney and counsel for the defendant agree upon the facts upon which a conviction was sought and file a statement of the agreed facts during the trial as a part of the record of the case, these facts must be accepted by this court, verbatim et literatim, as the facts of the case.

Keeping in mind the foregoing principles, which are too well settled to require the citation of authorities, I now quote the agreed statement of facts:

"It is agreed between the district attorney and counsel for the accused in the above-numbered and entitled cause, that the admitted facts brought out at the trial of the accused, and on which his conviction was based, for unlawfully having in his possession intoxicating liquor for beverage purposes, are as follows: That the accused, Herman Gremillion, while attending a public dance in the village of Echo, in the parish of Rapides, La., on the date alleged in the indictment, took from his pocket a pint bottle containing whisky, which the accused had obtained on a prescription issued by a licensed physician, and which prescription had been filled by a druggist; that the accused had legally obtained this whisky for medicinal purposes on March 23, 1925. It is further agreed that when the accused took the bottle from his pocket, on which there was the prescription above referred to, he took a drink out of the bottle and put the same back into his pocket, that during the evening he engaged in dancing, and that when he took the drink he was in the dance hall."

In criminal cases the appellate jurisdiction of this court is limited to questions of law alone. Article 7, § 10, Const. 1921. But where a ruling of the judge a quo, made during the trial, is questioned, it is proper to consider the facts pertaining thereto in determining whether the ruling complained of was correct or erroneous; it is only the facts relating to the guilt or innocence of the accused of which the jury or the trial judge, as the case may be, are the sole judges. From the foregoing it follows that we may consider the admitted facts for the limited purpose of ascertaining whether or not, un-

der that statement of facts, the defendant is legally chargeable with a violation of section 1 of Act 39 of 1921. It is under this section of the statute that the accused is prosecuted. The section is as follows:

"Be it enacted by the Legislature of Louisiana, that no person shall manufacture, sell, or in any manner dispose of, transport, deliver or possess intoxicating liquors within this state, export the same from or import the same into this state for beverage purposes."

If the foregoing section of the statute is interpreted as counsel for the state would have us interpret it in this case, the mere possession by any one of intoxicating liquor, in this state, for beverage purposes, would be a violation of the statute. That such was not the intention of the Legislature is clearly expressed in section 4 of the act, which is as follows:

"That nothing in this act shall be construed to forbid the possession of intoxicating liquors in one's private dwelling or abode while the same is occupied by him as such a dwelling, provided such intoxicating liquors were legally acquired and are only for personal consumption by the owner thereof and his family residing in such dwelling and his bona fide guest when entertained by him therein. Nothing in this act shall be construed to prevent a citizen who is a householder from brewing beer and fermenting wine for the use of himself and his family in his home and his bona fide guest entertained in such home."

It is admitted in this case that the defendant *lawfully* acquired the liquor that he is charged with *unlawfully possessing*, and, that he acquired it for a *nonbeverage purpose*.

There is nothing in Act 39 which forbids the possessor of lawfully acquired intoxicating liquor, for nonbeverage purposes, from transporting it to any part of the state. Therefore, when defendant carried the bottle of liquor he had lawfully acquired for nonbeverage purposes to the dance hall at Echo he did not violate any provision of the statute. But counsel contends that he took a drink out of the bottle. The statute does

160 LA.—5

not denounce the drinking of intoxicating liquor, and non constat defendant may have been following the prescription both as to the time when and the quantity to be taken. The place where defendant drank the liquor is immaterial except from the standpoint of social indiscretion.

Criminal statutes must be strictly construed, and in the administration of law the judiciary can have but one rule, applicable alike to all cases, whether the life or liberty of a human being is in the balance or where the issue involves only the imposition of a fine. Justice is depicted as blind. The scales in her hand are evenly balanced. She is deaf to public clamor, and popular sentiment is heeded not. The executive and the legislative officers are expected to represent the will of the majority, but the duty of the judge is to maintain the constitutional balance between the majority and the minority, between individuals, and between the individual and the state. Either Chief Justice Taft or President Roosevelt once said:

"It is sophistry to say that this is a government of the people, by the people, for the people. In reality this is a government of the people, by a majority of the people, for the people. Hence arises the necessity for a Constitution to curb the will of the majority and to guide the course of government under the controlling checks which experience has shown to be necessary to secure for the minority or the individual its or his share of the benefits of government."

The enlightened citizen realizes that the force of authority behind our law is not force as represented by the sheriff or the army; it is not what we commonly call the will of the people. The will of the people may in haste or thoughtlessness destroy the work of centuries, but the real source of authority behind the law is a passion for justice in the hearts and minds of an intelligent and thinking people. It is to this sense of justice, coupled with intelligence and learning, that we must ultimately look for the

source of all power behind our law, behind our treaties, behind our councils of nations, behind our agreements for the protection of society and the preservation of peace; that justice of which Webster said:

"Wherever her temple stands, there is a foundation for social security and the improvement and progress of our race. And whoever labors upon this edifice, with usefulness and distinction, whoever clears away its foundations, strengthens its pillars, adorns its entablatures, or contributes to raise its august dome still higher in the skies, connects himself in name and fame and character with that which is as durable as human society."

This case has been given most serious consideration, and, in applying the universally recognized rule in construing criminal statutes, it is my humble opinion that defendant, under the agreed statement of facts, is not chargeable with the violation of any of the provisions of Act 39 of 1921, and therefore the verdict and sentence appealed from should be avoided and reversed, and the accused should be discharged.