(108 So. 324)

No. 27550.

## STATE v. RUSSELL.

(March 1, 1926.     Rehearing Denied May 3, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⊜338(1)—Falsity of evidence is no reason for excluding it or striking it from record; its credibility being for court or jury.**

That evidence is not true is no reason for excluding it or striking it from record; proper course being for court or jury to pass on its credibility in deciding case on merits.

**2. Intoxicating liquors ⊜233(2)—Evidence of finding whisky in yard accessible to public held not inadmissible.**

That yard was accessible to public did not render evidence of finding whisky therein inadmissible; objection thereto going only to effect of evidence.

**3. Criminal law ⊜649(1)—Refusal to grant time for defendant to make diagram, showing means of public access to yard in which whisky was found, held within trial court's discretion, which was not abused.**

Refusal to grant time for defendant to make diagram of yard, after evidence of finding whisky therein was offered, so as to show means of public access thereto, *held* within trial court's discretion, which was not abused, in view of his personal inspection of premises before close of trial and admissibility of such evidence irrespective of public's access to yard.

**4. Criminal law ⊜938(1)—Refusal of new trial for newly discovered merely cumulative evidence, not likely to call for different verdict, will not be disturbed.**

Refusal of new trial, applied for on ground of newly discovered evidence, will not be interfered with, where evidence is merely cumulative and not likely to call for different verdict.

**5. Criminal law ⊜1158(1)—Showing that no evidence on point essential to conviction was offered presents law question for Supreme Court, which cannot determine sufficiency of evidence to justify conviction.**

Supreme Court cannot determine whether evidence was sufficient to justify conviction, but showing that no evidence on point essential to conviction was offered presents question of law, which Supreme Court may decide.

**6. Criminal law ⊜1121(1)—Conviction of possessing intoxicating liquor will not be disturbed on ground that evidence did not show that bottles contained whisky or that defendant had whisky for sale, in absence of showing that there was no evidence of such facts.**

In absence of showing that there was no evidence that bottles found contained whisky or that defendant had whisky for sale, conviction of possessing intoxicating liquors will not be disturbed, on ground that evidence did not show such facts.

Appeal from Nineteenth Judicial District Court, Parish of East Baton Rouge; W. Carruth Jones, Judge.

R. G. Russell was convicted of possessing intoxicating liquor, and he appeals. Affirmed.

R. F. Walker, of Baton Rouge, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and John Fred Odom, Dist. Atty., of Baton Rouge (E. R. Schowalter, Asst. Atty. Gen., of New Orleans, of counsel), for the State.

OVERTON, J.   Defendant was charged with having in his possession for sale for beverage purposes intoxicating liquor, consisting of whisky. The bill, charging him with this offense, also charges that on two occasions, some time prior to the commission of the offense charged, he committed two similar offenses, for the commission of which he pleaded guilty and was sentenced. Defendant was tried on the bill, was found guilty, and was sentenced to 60 days in jail, to pay a fine of $1,000, and in default of payment of the fine to be confined in the parish jail for 9 months additional. He has appealed from the conviction and sentence.

It appears that on the trial of the case two officers testified that defendant was seen coming out of a restaurant with a package; and that one of them, at least, testified that the package contained a bottle of whisky. The bottle was produced on the trial. Fol-

lowing this arrest, the officers searched a yard in the rear of the restaurant, and found concealed therein several flasks of whisky. It was the contention of the state that defendant had concealed this whisky there, and the state offered evidence of the finding of it in support of the purpose for which it contended the whisky found on defendant's person was possessed.

[1] Defendant objected to and moved to strike out the evidence, as to the finding of the whisky in the yard, on the ground that both of the officers, who testified that they found the whisky, swore positively that there was no entrance to the yard, except through the restaurant, when as a matter of fact there were other entrances.

The fact that the evidence offered by one of the litigants is not true, if, indeed, such be the case here, is no reason to exclude it or strike it from the record. The proper course is for the court or jury, as the case may be, to pass upon the credibility of the evidence, in deciding the case on its merits. If the evidence is not believed by the tribunal intrusted with the duty of passing on the merits of the case then the evidence should be given no weight. If it is believed, then it should be given such weight, in deciding the case, on its merits, as it may be found entitled to, under all the facts and circumstances of the case.

[2] The foregoing evidence also seems to have been objected to on the ground that the yard where the whisky was found was accessible to the public to such an extent as to destroy the value of the evidence, and to render its admission improper. This objection is without merit. It goes only to the effect of the evidence. The fact that the yard was accessible to the public, if it be a fact, did not render the evidence inadmissible.

[3] It also appears that defendant, after the foregoing evidence was offered, moved the court to grant him time to make a diagram of the yard where the whisky was found, showing the points of ingress and egress, and to attach the diagram to the bill of exception, taken to the admissibility of the evidence relative to the finding of the liquor, this for the purpose of strengthening his objection to the admissibility of that evidence, by showing the means of access that the public had to the yard, and also for the purpose of properly informing the trial court as to the points of ingress and egress thereto.

It was within the discretion of the trial court to grant or to refuse to grant the time necessary to make the plat. The court did not see proper to grant the time. As a matter of fact, the judge, who was sitting without a jury, had, at that time, or at least before the close of the trial, inspected the premises in person. We are unable to say that he abused his discretion in refusing to grant the time requested. In so far as we are concerned, the plat could have been of no service to us, in passing upon the admissibility of the evidence, the objection to which, it was supposed the plat would strengthen, for all that the plat could have shown would have been the means of ingress and egress to the premises, and we have held that, even if the public did have access to the yard, this would not render evidence of the finding of the liquor inadmissible, but would only affect the weight of that evidence.

[4] Defendant also reserved a bill to the overruling of a motion for a new trial. One of the grounds for the motion is the discovery of new evidence. This evidence consists of what one, who was a waitress in the restaurant out of which defendant was coming when arrested, would testify to, in the event a new trial should be granted. The tendency of the proffered evidence is to account for the manner in which defendant acquired possession of the package which he had under his arm, when arrested, and which is said to have contained whisky. The trial judge refused to grant the new trial on this ground,

because the newly discovered evidence was purely cumulative; defendant having offered, during the trial, the evidence of other witnesses showing substantially the same facts. It is well established that the ruling of the trial judge refusing a new trial, applied for on the ground of newly discovered evidence, will not be interfered with where the evidence is merely cumulative, and of such a nature as not likely to call for the rendition of a different verdict should a new trial be granted. Marr's Criminal Jurisprudence (2d Ed.) p. 1107, § 717. We find no error in the ruling of the court.

[5, 6] Complaint was also made in the motion for a new trial, the overruling of which was excepted to, that the evidence offered at the trial was insufficient to justify a conviction. It may be said, however, that this court is without jurisdiction to determine in a criminal case whether or not the evidence offered at the trial was sufficient to justify a conviction. State v. Rogers, 94 So. 439, 152 La. 906; State v. Smith, 95 So. 705, 153 La. 245. However, where no evidence at all has been offered against the accused, touching a point essential to conviction, and this is made to appear, then a question of law is presented, which this court may decide. State v. Gani, 102 So. 318, 157 La. 231; State v. Giangosso, 102 So. 429, 157 La. 360; State v. Dunnington, 102 So. 478, 157 La. 369. Defendant complains that the evidence offered at the trial did not show that the bottles found contained whisky. If so, it is not made to appear that there was no evidence on that question. To the contrary it may be said that there was some evidence tending to show that the bottles did contain whisky. In fact, as relates to the bottle which defendant had under his arm, he admits in his evidence that it contained whisky, though he testified that he did not have the whisky for sale. He also complains that there was no evidence tending to show that he had the whisky for sale. If

so, the absence of such evidence is not made to appear.

For the reasons assigned, the verdict and the sentence appealed from are affirmed.