(114 So. 636)

No. 28772.

**STATE v. DANIELS et al.**

Oct. 31, 1927.

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⬤⟶1121(1)—**Supreme Court must accept trial judge's statement that evidence sustained conviction, where there is no evidence in record.**

   Where bill of exceptions shows motion for new trial was overruled because evidence showed accused's guilt and there is no evidence in record to show that evidence was insufficient to show guilt, Supreme Court must accept trial judge's statement.

2. **Criminal law** ⬤⟶1159(2)—**Appellate court is not concerned with question as to whether quantum or degree of evidence sustains conviction.**

   As appellate court has jurisdiction in criminal cases on questions of law only, it is not concerned with question as to whether quantum or degree of evidence sustained conviction, such matter resting exclusively with trial judge in misdemeanors, and with jury in cases triable only by jury.

3. **Criminal law** ⬤⟶1159(2)—**Where evidence in record is insufficient to make out crime, Supreme Court will set aside conviction.**

   Where there is no evidence of element essential to make out crime, the Supreme Court will set aside conviction and grant new trial, but such situation must unmistakably appear from record.

164 LA.—24

Appeal from Fourteenth Judicial District Court, Parish of Calcasieu; T. F. Porter, Judge.

Ellis Daniels, James Fungay, Lewis Addison, and Lawrence Sullivan were charged with the possession of intoxicating liquors for sale for beverage purposes and with manufacturing intoxicating liquors. Defendants Fungay and Addison were convicted, and they alone appeal. Affirmed.

A. R. Mitchell, of Lake Charles, for appellants.

Percy Saint, Atty. Gen., John J. Robira, Dist. Atty., of Lake Charles, S. H. Jones, Asst. Dist. Atty., of Lake Charles (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

THOMPSON, J. The four defendants named were charged jointly, but in separate informations filed by the district attorney, with the possession of intoxicating liquors for sale for beverage purposes and with manufacturing intoxicating liquors for beverage purposes for sale.

The defendant Ellis Daniels pleaded guilty to the two charges, and the other three defendants were tried, convicted, and sentenced.

Only James Fungay and Lewis Addison have appealed.

[1] The only bill of exception relied on was reserved to the overruling of a motion for a new trial, based on the ground that the conviction was contrary to the law and the evidence in that there was no evidence produced in the trial that the defendants had possessed intoxicating liquors for beverage purposes, or that they had manufactured intoxicating liquors for beverage purposes for sale.

The bill of exceptions shows that the motion for a new trial was overruled by the court for the reason that the evidence showed clearly the guilt of the accused, and, as

there is no evidence in the record to sustain the defendants' contention that there was no evidence presented showing the fact of possession and of manufacturing intoxicating liquors for beverage purposes for sale, we are compelled to accept the statement of the trial judge.

[2] As an appellate court having jurisdiction in criminal cases on questions of law only, we are not concerned with the question as to whether or not the quantum or degree of evidence was sufficient to justify a conviction. That is a matter exclusively within the province of the trial judge in misdemeanors, and with the jury in cases triable only by jury.

[3] Where there is no evidence at all on an element essential and sacramental to make out the crime, the court will set aside a conviction and grant a new trial. But such a situation must clearly and unmistakably appear from the record.

This ruling has been reiterated so often that it is scarcely necessary to make special reference to the cases.

As we have already noted, the trial judge states in the bill that the evidence clearly established the defendants' guilt.

This unquestionably closes the matter, the unsupported contention of the defendants to the contrary notwithstanding.

The conviction and sentence are affirmed.