O’NIELL, Chief Justice.
 

 The defendant stands convicted of a felony and sentenced to imprisonment at hard labor in the penitentiary for two years. In a motion for a new trial he pleaded that the State had not offered any evidence whatever to prove a certain alleged fact, the proof of which was essential to a valid conviction of the crime charged in the bill of information. The motion was overruled and a bill of exception was reserved.
 

 The evidence that was offered before the jury consists of the testimony of five witnesses for the State, and is very brief The defendant did not offer any evidence. All of the testimony of the five witnesses for the State is annexed to and forms part of the •defendant’s motion for a new trial and his bill of exception. The evidence tends to prove affirmatively — especially by certain circumstances which were proved by the State’s witnesses and are not disputed — that the crime charged was not committed. It is sufficient, however, to say that there was no evidence whatever of the fact which the defendant contends was not proved, and the proof of which was essential to a valid conviction of the crime with which he was charged and of which he was convicted. In a case where the jury has convicted the defendant on some evidence on which the jury might have concluded that he committed the crime, the appellate court has not jurisdiction to decide whether the evidence was sufficient; but, where a conviction is had without any evidence at all of a certain fact the proof of which is essential to a valid conviction, the error is an error of law, which the appellate court must correct. State v. Wells, 147 La. 822, 86 So. 268; State v. Edwards, 155 La. 305, 99 So. 229; State v. Gani, 157 La. 231, 102 So. 318; State v. Giangosso, 157 La. 360, 102 So. 429; State v. Dunnington, 157 La. 369, 102 So. 478. The same rule is applicable to cases tried by the judge without a jury. State v. Rogers, 152 La. 905, 94 So. 439; State v. Bush, 156 La. 973, 101 So. 382; State v. Gremillion, 160 La.
 
 121, 106 So.
 
 716; State v. Russell, 161 La. 167, 108 So. 324; State v. Daniels, 164 La. 737, 114 So. 636; State v. Singley, 195 La. 519, 197 So. 218.
 

 In the statement per curiam it appears that the judge instructed the jury that the defendant should not be convicted unless the evidence proved beyond a reasonable doubt the fact which the defendant now contends was not shown by any evidence. We infer from the record that the jury misunderstood the judge’s instruction and committed an error of law in finding the defendant guilty.
 

 
 *159
 
 The verdict and sentence are annulled and the case is ordered remanded to the criminal district court for a new trial.