14 So.2d 610

**STATE v. DOW.**

No. 37046.

June 21, 1943.

Edwin I. Mahoney, of New Orleans, for defendant and appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Asst. Atty. Gen., and J. Bernard Cocke, Dist. Atty., and Lloyd C. Hoffman, Asst. Dist. Atty., both of New Orleans, for the State.

O'NIELL, Chief Justice.

The appellant was convicted of the crime of theft of an automobile and was sentenced to imprisonment in the penitentiary for the term of two years. He waived his right to a trial by jury and was tried by the judge. In a motion for a new

trial he complained that he was convicted without any evidence whatever of his having stolen the automobile. The evidence that was heard on the trial of the case was reduced to writing and forms a part of the bill of exceptions. We consider the evidence sufficient to sustain the conviction. But it would be sufficient to say that there is some evidence on which the judge, or a jury, might have concluded reasonably that the defendant was guilty of the crime charged. The doctrine which the appellant invokes is that when a conviction is had without any evidence at all tending to prove the facts essential to a valid conviction the error is an error of law. The doctrine is not applicable to this case because there is in this case some evidence of every fact essential to a valid conviction of the defendant of the crime of which he stands convicted. In that respect the case is like State v. Martinez, 201 La. 949, 10 So.2d 712, where the rule was stated thus:

"It is only in cases where there is no evidence at all tending to prove a particular fact which is essential to a valid conviction that this court may set aside the conviction for want of proof of the guilt of the defendant. State v. Wells, 147 La. 822, 86 So. 268; State v. Edwards, 155 La. 305, 99 So. 229; State v. Gani, 157 La. 231, 102 So. 318; State v. Giangosso, 157 La. 360, 102 So. 429; State v. Dunnington, 157 La. 369, 102 So. 478; State v. Wilson, 196 La. 156, 198 So. 889. The same rule is applicable to cases tried by the judge without a jury. State v. Rogers, 152 La. 905, 94 So. 439; State v. Bush, 156 La. 973, 101 So. 382; State v. Gremillion, 160 La. 121, 106 So. 716; State v. Russell, 161 La. 167, 108 So. 324; State v. Daniels, 164 La. 737, 114 So. 636; State v. Singley, 195 La. 519, 197 So. 218. The line is drawn between an insufficiency of evidence and a total lack of evidence of the fact or facts required to prove the guilt of the party accused. In this case the defendant's complaint is not— as he says—that the conviction 'was not supported by any legal evidence'. The complaint is in reality that the evidence was not enough to support the conviction. Whether it was enough is a question of which this court has not jurisdiction."

On the trial of the case the State offered in evidence a written confession signed by the defendant in the presence of the police officers on the day and soon after he was arrested. His attorney objected to the offering of the document in evidence on the ground that the defendant had not dictated or written or signed it, but had merely signed his name on a blank sheet of paper, and that one of the police officers afterwards wrote the alleged confession above the defendant's signature. The testimony relating to the question of admissibility of the alleged confession shows beyond any doubt that the confession was made by the defendant and written by one of the police officers, and was read by or to the defendant before he signed it. The defendant's complaint in that respect is contradicted by sufficient proof.

The conviction and sentence are affirmed.