O’NIELL, Chief Justice
 

 (dissenting).
 

 The defendant is appealing from a conviction and sentence for breaking and entering a dwelling house in the nighttime with intent to steal.
 

 The only bill of exception is one which was reserved to the overruling of a motion for a new trial. The motion was founded upon the fact that there was no proof or evidence that the alleged breaking and entering was done in the nighttime, and that in fact the only evidence ofi’er'ed by the State on the subject showed affirmatively that the breaking and entering was done in the daytime.
 

 This court would not have jurisdiction if the question were whether the evidence offered on the trial of the case was sufficient or insufficient to convict the defendant of breaking and entering in the nighttime. But the question is whether the defendant was convicted legally of breaking and entering in the nighttime without any proof or evidence that the alleged breaking and entering was done in the nighttime.
 

 The only evidence that was offered to prove the time a.t which the alleged breaking and entering was done was the testimony of one witness, a woman, who testified for the State that she saw the defendant open the door and enter the house 'and that it was done sometime between the hours of 6 and 7 o’clock p.m. on the date charged in the bill of information, namely, July 11, 1942.
 

 On the trial of the motion for a new trial it was shown by a certificate of the meteorologist in charge of the local bureau that, on July 11, 1942, the sun rose at 6:07 a.m. and set at 8:04 p.m. Central War Time, which time went into effect in New Orleans on February 9, 1942. There is therefore no reason to doubt that when the witness testified that the breaking and entering was done between 6 and 7 o’clock she was referring to Central War Time, and not to Central Standard Time, which had been abolished in New Orleans for a period exceeding S months at the time of the alleged crime, and for a period exceeding 7 months at the time when the witness was testifying. At that time all of the timepieces in New Orleans showed Central War Time. Accordingly, the only evidence offered or relied upon by the State showed that the alleged breaking and entering was done more than an hour before sunset. Even if it should be presumed that the State’s witness referred to Central Standard Time — which is not at all probable — the fact would be that the latest time at which she fixed the alleged breaking and entering was a few minutes before sunset. It is sufficient to say, however, that there was no evidence at all to show that the alleged breaking and entering was done after sunset.
 

 All of the testimony on this subject is made a part of the bill of exceptions. The
 
 *609
 
 State’s witness, being questioned by the prosecuting attorney, stated emphatically that the crime was committed between 6 and 7 o’clock. On cross-examination she said that the defendant came “in the early part of the day” to her apartment, adjoining the apartment alleged to have been entered; that after conversing with her for a while, on her porch, he left the house, and that “he came back at night”. But she explained immediately that the time at which he came back and entered the apartment next door to hers was not at night but was between 6 and 7 o’clock in the evening. The whole re-examination of the witness by the prosecuting attorney consisted of only three questions and answers, and fixed the time at which the alleged breaking and entering was done— thus:
 

 “Q. About what time was it when you say you saw McDonell get into Rivet’s apartment ?
 

 “A. Between six and seven.
 

 “Q. What’s that?
 

 “A. Six and seven, between there.
 

 “Q. Was it dark or daylight?
 

 “A. It was just getting dark.”
 

 The authorities all maintain — -and it is not disputed — that, in distinguishing the crime of breaking and entering in the daytime from the crime of breaking and entering in the nighttime, “daytime” means the period between sunrise and sunset, and “nighttime”, following a short period of twilight, is the period between sunset and sunrise. 28 Words and Phrases, Perm.Ed., pp. 669, 673, Verbo Nighttime. The late Judge Rufus E. Foster, when he was the Louisiana member of the United States Circuit Court of Appeals for the Fifth Circuit, speaking for the court in the case of Distefano v. United States, 58 F.2d 963, 964, recognized that there is a period of twilight between daytime and nighttime — thus:
 

 “The officer serving the warrant testified that he served it at nighttime, about 7:30 p. m. According to official records, on April 4, 1931, the sun set at Baton Rouge at 6:25 o’clock. There is no doubt that daytime continues after sunset for a limited period, but we may take notice that it is dark and nighttime an hour and five minutes after the sun has set, in the vicinity of Baton Rouge, where the period of twilight is notoriously short.”
 

 In a publication entitled Criminal Formulary and Instructions to Juries, by a former Attorney General of Louisiana, Eugene Stanley, having reference particularly to the law of this State, on page 444, the author declares, as his opinion, that nighttime begins about one hour after sundown, at which time twilight ceases. It is not necessary for the court to go that far in this case.
 

 The date of the alleged crime in this instance was previous to the adoption of the Criminal Code. The prosecution was under section 851 of the Revised Statutes, as amended by Act 71 of 1926, defining the crime of breaking and entering a dwelling
 
 *611
 
 house in the nighttime. In the Criminal Code burglary in the nighttime is defined in article 60 as the unauthorized entering of an inhabited dwelling between sunset and sunrise. Burglary in the daytime is defined in article 61 as the unauthorized entering between sunrise and sunset. The writers of the Criminal Code therefore, in defining nighttime and daytime, merely observed the general rule that, in distinguishing burglary in the nighttime from burglary in the daytime, nighttime means the time between sunset and sunrise and daytime means the time between sunrise and sunset. In 'the repealing clause of the Criminal Code, in section 2 of article 142, sections 851 and 852 of the Revised Statutes, which were superseded by articles 60 and 61 of the Criminal Code, were repealed specifically.
 

 As there is no evidence whatever that the crime charged in this case was committed in the nighttime, the conviction of the defendant of breaking and entering in the nighttime is not a valid conviction. A conviction had without any proof of a particular fact which is an essential element of the crime charged is not a valid conviction; and the question presented in such a case is not a question of fact but a question of law, of which the Supreme Court has appellate jurisdiction. State v. Wells, 147 La. 822, 86 So. 268; State v. Edwards, 155 La. 305, 99 So. 229; State v. Gani, 157 La. 231, 102 So. 318; State v. Giangosso, 157 La. 360, 102 So. 429; State v. Dunnington, 157 La. 369, 102 So. 478; State v. Wilson, 196 La. 156, 198 So. 889. The same rule is applicable to cases tried by the judge without a jury. State v. Rogers, 152 La. 905, 94 So. 439; State v. Bush, 156 La. 973, 101 So. 382; State v. Gremillion, 160 La. 121, 106 So. 716; State v. Russell, 161 La. 167, 108 So. 324; State v. Daniels, 164 La. 737, 114 So. 636; State v. Singley, 195 La. 519, 197 So. 218; State v. Dow, 203 La. 707, 14 So.2d 610; State v. Nomey, 204 La. 667, 16 So.2d 226.
 

 For these reasons I respectfully dissent from the majority opinion and decree.