93 So.2d 684

**STATE of Louisiana**

v.

**Arthur Mack HARRELL.**

No. 43172.

Jan. 21, 1957.

Rehearing Denied Feb. 25, 1957.

Gravel, Humphries, Sheffield & Mansour, Alexandria, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Sam L. Wells, Dist. Atty., Colfax, for appellee.

PONDER, Justice.

The defendant has appealed from a conviction of negligently killing one John Keen and from a sentence thereunder of one year in the state penitentiary.

Although the defendant is relying on four bills of exception, we think the most important bill is the one taken to the overruling of a motion for a new trial based on the ground that there is no evidence of criminal negligence in the record to support the conviction.

The record shows that the defendant, a boy of 17, struck and killed a seven year old boy while driving along the highway to Winnfield. The defendant had been sent by his mother to get his aunt to help attend his father who was lying on his death bed in a coma. According to the evidence, the defendant was driving behind a Plymouth and saw the child standing on the other side of the road on the left shoulder. There was a Ford approaching from the other direction. The defendant testified that he slowed down and seeing no motion on the part of the child to cross, as the Ford approached he increased his speed. As the Ford passed the defendant, the child darted out behind the Ford and defendant struck and killed the boy.

The record shows that the defendant was travelling at a reasonable speed and slowed down to 25 miles per hour, he then accelerated his speed to between 35 to 40 miles per hour. The three eyewitnesses to the accident, the defendant, the driver of the Ford, and the sister of the deceased, all testified that as the defendant approached the child was standing on the shoulder of the road and showed no sign that he would cross until the Ford passed at which time he was well out of the line of vision of the defendant.

Much is said in the brief of the state filed in this court about a statement that the defendant made to the coroner's jury to the effect that he speeded up to get by before the child came across.

Skid marks of the defendant's car measured 130 feet and the record shows that these skid marks were evident for 95 feet before the impact. There is no evidence that the brakes were not working satisfactorily.

A police officer testified that the defendant told him right after the accident that he saw the child, slowed to twenty miles per hour, then thinking that he could beat the child across the road, defendant stated to him that he speeded up. But the eyewitnesses to the accident all testified that the child was standing on the side of the road and made no move or took no step to cross until the Ford had passed.

We think that what the defendant meant in his statement before the coroner's jury and to the police officer is that he was being cautious and when he saw a child standing on the shoulder of the road with the Ford coming from the other way he speeded up thinking that the child would remain there. This may have been an error of judgment but it is not criminal negligence so as to warrant a conviction.

The term criminal negligence is defined in Article 12 of Title 14 of the Criminal Code, LSA–R.S. 14:12 thus: "Criminal negligence exists when, although neither

specific nor general intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances."

■ The trial judge concluded that the defendant had no brakes and speeded up to beat the child across the road and this he says is criminal negligence. But these conclusions are not borne out by the record. The fact that the defendant skidded 95 feet before the impact and 130 feet in all proves that the car did have brakes and the conclusion that the defendant speeded up to beat the child across the road is unfounded in view of the testimony of the eyewitnesses to the accident that the child did not attempt to cross until he was out of the line of vision of the defendant by the passing of the Ford. There is no doubt that the defendant's was a poor choice of action but it does not meet the test of criminal negligence defined in Article 12 of Title 14 of the Criminal Code and in State v. Dean, 154 La. 671, 98 So. 82, 83 as "A dereliction of duty under circumstances showing an actual intent to injure, or such a conscious and intentional breach of duty as to warrant an implication that the injuries were intended."

■ We are apprised of the line of distinction set out in the cases between an insufficiency of evidence and a total lack of evidence of the fact or facts required to prove the guilt of the party accused. State v. Martinez, 201 La. 949, 10 So.2d 712; State v. Tucker, 204 La. 463, 15 So. 2d 854 and the cases cited therein. But where there is no evidence at all tending to prove a particular fact which is essential to a valid conviction this court will set aside the conviction for want of proof of the guilt of the defendant. State v. Wells, 147 La. 822, 86 So. 268; State v. Edwards, 155 La. 305, 99 So. 229; State v. Gani, 157 La. 231, 102 So. 318; State v. Giangosso, 157 La. 360, 102 So. 429; State v. Dunnington, 157 La. 369, 102 So. 478; State v. Wilson, 196 La. 156, 198 So. 889; State v. Rogers, 152 La. 905, 94 So. 439; State v. Bush, 156 La. 973, 101 So. 382; State v. Gremillion, 160 La. 121, 106 So. 716; State v. Russell, 161 La. 167, 108 So. 324; State v. Daniels, 164 La. 737, 114 So. 636; State v. Singley, 195 La. 519, 197 So. 218; State v. Nomey, 204 La. 667, 16 So.2d 226; State v. Wooderson, 213 La. 40, 34 So.2d 369; State v. Brown, 224 La. 480, 70 So.2d 96 (and cases cited therein).

For the reasons assigned, the conviction and sentence are annulled and set aside and the defendant is hereby ordered discharged.

HAMITER, HAWTHORNE and SIMON, JJ., concur in the decree.

McCALEB, Justice (dissenting).

This Court is without jurisdiction of questions of fact in criminal cases (see Section 10 of Article 7 of the Constitution); it is only where there is no evidence at all that we are authorized to set aside a conviction for want of proof of guilt. While the majority opinion recognizes that this is the law, it does not appear to me that it has been followed in this case for, concededly, since the killing resulted from defendant's act in striking the child with the automobile, the question of whether defendant was criminally negligent was purely one of fact. And, in view of defendant's statement at the Coroner's inquest (which was admitted in evidence) that, when he first observed the child, he slowed to 20 miles per hour but, subsequently, when he saw that the child had stopped, he speeded up to 35 or 40 miles per hour, it can hardly be said that there was not some evidence submitted from which a finding of criminal negligence could be deduced. In addition, a police officer stated that defendant told him that he speeded up because he thought he could beat the child across the road and the physical fact that the car skidded almost 100 feet is evidence of defendant's lack of control.

But, even if there was no evidence to sustain the conviction, defendant should not be discharged; he should be given a new trial as it was only by virtue of his motion for a new trial that the question of lack of evidence could be considered.

I respectfully dissent.