298 So.2d 774 (1974)
STATE of Louisiana
v.
Fred JONES.
No. 54613.
Supreme Court of Louisiana.
July 1, 1974.
Rehearing Denied August 30, 1974.
John P. Godfrey, Godfrey & O'Neal, Many, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Thomas A. Self, Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant was tried under a bill of information charging him with negligent homicide. R.S. 14:32. He was convicted after a trial by jury and sentenced to serve three years at hard labor. He appeals, relying on four perfected bills of exceptions.
We find merit in Bill of Exceptions No. 2 which was reserved when the trial court denied defendant's motion for a directed verdict. See C.Cr.P. 778; State v. Douglas, La., 278 So.2d 485 (1973).
This prosecution arose from an automobile accident which occurred on Louisiana Highway 171, a paved two lane road, just south of Hodges Gardens in Sabine Parish.
The witness Dyess, operator of the vehicle in which the decedent was a passenger, testified on behalf of the State that the accident occurred on a Sunday afternoon while he was driving south on Highway 171, at approximately fifty-five miles per hour. He did not remember the details of how the accident happened.
The State's witness, Smith, a passenger in the defendant's automobile, testified that the defendant entered Highway 171 from the entrance to the Hodges Gardens Motel, followed the Dyess automobile for a short distance until a passing zone was reached and then pulled into the other lane to pass. As the front of the passing vehicle pulled *775 alongside the rear of the Dyess vehicle an oncoming car suddenly appeared and the defendant slowed and attempted to reenter the proper lane; as he did so his vehicle struck the rear of the Dyess automobile which left the roadway. He stated the defendant had not used any intoxicants.
The witness Gaskin, a State trooper, who investigated the accident, testified that the probable point of impact between the vehicles occurred four-tenths of a mile south of the entrance to the Hodges Gardens Motel; that damage to the vehicles sustained as a result of the initial impact indicated that the right front of the defendant's car struck the left rear of the other vehicle, in essence a rear end collision, after the following vehicle had partially reentered the southbound lane. He stated that the defendant appeared sober and there was no indication that he had partaken of intoxicants.
R.S. 14:32 provides in pertinent part:
"Negligent homicide is the killing of a human being by criminal negligence.
"The violation of a statute or ordinance shall be considered only as presumptive evidence of such negligence."
R.S. 14:12 defines criminal negligence as:
"Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances."
The Reporter's Comment to this section states, "Criminal negligence, in fact, corresponds to the concept of `gross negligence' in tort law. See Restatement of the Law of Torts (1934) §§ 282-284, 500."
Section 500 provides:
"The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him."
Subsections (f) and (g) of that section provide:
"Reckless misconduct differs from intentional wrongdoing in a very important particular. While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it. It is enough that he realizes or, from facts which he knows, should realize that there is a strong probability that harm may result, even though he hopes or even expects that his conduct will prove harmless. However, a strong probability is a different thing from the substantial certainty without which he cannot be said to intend the harm in which his act results.
"Reckless misconduct differs from negligence in several important particulars. It differs from that form of negligence which consists in mere inadvertence, incompetence, unskillfulness or a failure to take precautions to enable the actor adequately to cope with a possible or probable future emergency in that reckless misconduct requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man. It differs not only from the above mentioned form of negligence, but also from that negligence which consists in intentionally doing an act with knowledge that it contains a risk of harm to others, in that the actor to be reckless must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent. The difference between reckless misconduct *776 and conduct involving only such a quantum of risk as is necessary to make it negligent is a difference in the degree of the risk, but this difference of degree is so marked as to amount substantially to a difference in kind."
Under these standards it is clear that proof of ordinary negligence does not constitute proof of criminal negligence. The State is required to show more than a mere deviation from the standard of ordinary care.
We find that the State has produced no evidence of criminal negligence. The evidence produced by the State tends to support the conclusion that the negligence of the defendant caused the accident. However, this does not constitute proof of criminal negligence and where, as here, the State's case rests on circumstantial evidence a jury may not properly infer such negligence from facts which at best only show ordinary negligence.
We also note that the trial court sustained the State's objection to the defense introducing a motion picture of the scene of the accident into evidence. The film was offered to substantiate the defendant's claim that a dip in the road hid oncoming automobiles. We see no reason why such a film should not be introduced when relevant where a proper foundation concerning the contents and circumstances under which the film was made is laid. The exclusion of relevant evidence, properly identified, offered in defense of the accused is reversible error.
For the reasons assigned, we reverse the defendant's conviction and sentence and remand to the trial court for a proper judgment of acquittal in compliance with this opinion.
SANDERS, C. J., dissents and assigns written reasons.
SANDERS, Chief Justice (dissenting).
The Louisiana Constitution prohibits this Court from weighing the evidence of guilt in criminal cases. The determination of guilt is solely the function of the jury. LSA-Const. Art. 7, Sect. 10. As long as there is some evidence, no matter whether it be direct or circumstantial, this Court has no authority to disturb the verdict. State v. McLean, 216 La. 670, 44 So.2d 698 (1950); State v. Wooderson, 213 La. 40, 34 So.2d 369 (1948).
Recently, I have been concerned that the court is extending its review so as to include a weighing of the evidence and a substitution of its own guilt determination for that of the jury. See my dissents in State v. Patterson, La., 295 So.2d 792 (1974) and State v. Douglas, La., 278 So. 2d 485 (1973).
Here, the record reflects that the defendant's vehicle and that occupied by the victim were traveling in a southerly direction on a two-laned, hard-surface highway. It was during daylight hours, and visibility was good. While overtaking the victim's automobile, the defendant's vehicle crashed into it from the rear. The point of impact was in the southbound lane of traffic. After being struck the victim's vehicle traveled 31 paces into a ditch and then, 41 additional paces where it struck a telephone pole. Photographs of the highway and of the automobiles were introduced in evidence. The defendant testified that he lost control of his vehicle when he started to pass, saw another car approaching, and attempted to pull back into the proper lane.
In my opinion, the record contains some evidence of criminal negligence. That some of the evidence is circumstantial does not alter this conclusion. I would not disturb the jury verdict.
For the reasons assigned, I respectfully dissent.