351 So.2d 234 (1977)
Diane WHITE et al.
v.
Kim R. NICOSIA.
No. 8419.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1977.
*235 Andry & Andry, Edwin R. Pillault, Jr., New Orleans, for plaintiff-appellant.
Friedman, Ortiz & Selenberg, Carl J. Selenberg, New Orleans, for defendant-appellee.
Before SAMUEL, LEMMON and BEER, JJ.
LEMMON, Judge.
This is a suit by Mrs. Diane White to recover damages for the injuries sustained by her son, Austin Givens, in a motorcycle-pedestrian accident. The trial court dismissed the suit on the basis of the seven-year old boy's contributory negligence. Mrs. White appealed, arguing that a child of that age under our jurisprudence is absolutely incapable of contributory negligence.
The daytime accident occurred when Austin and an older companion attempted to cross North Claiborne Avenue at its intersection with Touro Street. At this point Claiborne was divided by a wide neutral ground, and there were two travel lanes for northbound traffic, separated by a dashed white line, and a third lane for parking. Touro was an undivided cross street.
At the time of the accident traffic was "stacked up" on Claiborne from a traffic light at Elysian Fields (two blocks north of the intersection in question) to a point south of the intersection of Claiborne and Touro. The trial judge specifically accepted the testimony of an independent witness, who was seated in a car waiting in traffic in the right travel lane of Claiborne at a point just south of the Touro intersection. The witness described the events leading up to the accident as follows: Traffic was stopped in both northbound travel lanes, and cars were parked to his right in the parking lane. Just ahead of him in the right travel lane was a large tractor-trailer unit, which blocked part of the intersection as well as the pedestrian crosswalk on the north side of the intersection. The two children began crossing Claiborne in the crosswalk, walked between stopped cars in the left lane, and then had to leave the crosswalk and proceed north 10 to 15 feet in order to walk in front of the tractor-trailer unit. At the same time two motorcycles passed on his right between him and the cars parked in the parking lane and proceeded to pass the tractor-trailer unit on the right. (There also were cars parked in the parking lane ahead of the tractor-trailer unit). As the first motorcycle reached the front of the tractor-trailer unit, one boy came out from in front of the truck, and the collision occurred.
The following sketch by the witness shows the paths of the pedestrian and the motorcycle:
*236 
The record leaves no doubt that defendant was attempting to maneuver his motorcycle around vehicles stopped in the travel lanes by moving between stopped and parked vehicles and by swinging in and out of open spaces in the parking lane. Such conduct was violative of any standard of reasonable care and of city and state traffic regulations. Defendant's substandard conduct was a legal cause of the accident.
As to Austin's contributory negligence, we disagree with plaintiff's assertion of an absolute jurisprudential rule that a seven-year old child is incapable of contributory negligence. A more accurate statement is seven-year old child to be contributorily negligent.
Generally defined, contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, the standard being that of a reasonable man under like circumstances. Smolinski v. Taulli, 276 So.2d 286 (La.1973). The judicial determination of negligence or contributory negligence is ultimately based on reasonableness, and the inquiry involves a comparison of the conduct under consideration with the conduct required by a fictitious objective standard.
Historically, courts have recognized that conduct of children should not be *237 judged by the same standard used for adults. An absolute rule setting minimum (or maximum) ages for being capable of negligence has largely been discarded, however, because it is illogical that a child, such as the one in this case whose age is seven years, eleven months and thirteen days, cannot be contributorily negligent under any circumstances, but could be if the accident had occurred 17 days later.[1] The more prudent method for determining negligence is to inquire in each case whether the child's particular conduct fell below the standard reasonably expected of a child of his age, intelligence and experience under the particular circumstances presented to him. Brantley v. Brown, 277 So.2d 141 (La.1973); Plauche v. Consolidated Cos., 235 La. 692, 105 So.2d 269 (1958); Restatement, Second, Torts § 283A (1965); Prosser, supra; Harper & James, Law of Torts, § 16.8 (1974); 77 A.L.R.2d 917 (1961).
In the present case the inquiry as to contributory negligence is whether Austin's failure under the particular circumstances to look for motorcycles squeezing between stopped traffic and parked cars and swinging in and out of open spaces in the parking lane in order to pass stopped vehicles in the right lane of traffic was conduct which fell below that reasonably expected of a normal child almost eight years old.[2] We hold that it was not unreasonable for a normal child of this age to fail to anticipate the possibility that a motorcycle operator would maneuver his vehicle in such a reckless and careless manner in an area where he had no right to be and in disregard of the rights and expectations of pedestrians and other motorists.
In the November 1, 1974 accident Austin sustained a contusion and hematoma of the knee, contusion of the shoulder, and abrasions of the lip, shoulder, back, chest and elbow. He was treated with diathermy and medication, but apparently missed no school. Headaches developed during the course of treatment, but by December 9 symptoms from all injuries were improved to the extent that he was discharged from treatment. At that time the doctor opined that the residual pain in the knee would subside in four to six weeks. Medical expenses amounted to $187.00.
On this record we set the award of general damages at $1,500.00.
Accordingly, the judgment of the trial court is reversed, and it is now ordered that there be judgment in favor of Diane White, individually and as natural tutrix of her minor son, Austin Givens, in the amount of $1,687.00, plus legal interest from the date of judicial demand and all costs in both courts.
REVERSED AND RENDERED
NOTES
[1] The point is stated in Prosser, Law of Torts, § 32 (4th ed. 1971):

"The great majority of the courts have rejected any such fixed and arbitrary rules of delimination, and have held that children well under the age of seven can be capable of some negligent conduct. Undoubtedly there is an irreducible minimum, probably somewhere in the neighborhood of four years of age, but it ought not to be fixed by rules laid down in advance without regard to the particular case. As the age decreases, there are simply fewer possibilities of negligence, until finally, at some indeterminate point, there are none at all. There is even more reason to say that there is no arbitrary maximum age, beyond which a minor is to be held to the same standard as an adult."
[2] Neither side called the child to testify, either on negligence or contributory negligence. Accordingly, we must assume the child was one of normal intelligence and experience for his age.