387 So.2d 1108 (1980)
STATE of Louisiana
v.
Nicky L. MOAK.
No. 66112.
Supreme Court of Louisiana.
April 7, 1980.
Concurring Opinion October 9, 1980.
M. Reggie Simmons, Franklinton, for defendant-appellant.
*1109 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Marion B. Farmer, Dist. Atty., Herbert R. Alexander, Jr., Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
DIXON, Chief Justice.[*]
On July 29, 1978 at approximately 9:00 p. m., the defendant was driving within the proper lane of travel in a westerly direction on Louisiana Highway 38 in Washington Parish. As he was coming around a curve in the road, the defendant saw the bright lights of what he thought was an oncoming car in his lane of the road. Fearing a head on collision he applied his brakes and then eased his car to the right, onto what he thought was the shoulder. Instead, his car went down into a ditch that ran alongside of the shoulder, his car bounced up and hit a car which was parked on the defendant's side of the road, on the shoulder, facing east with its lights on. Gerald Barber, Jr., a twelve year old boy, was standing by the left front fender of the parked car. He was hit by defendant's car and suffered fatal injuries as a result of the collision.
The defendant, Nicky L. Moak, was charged with negligent homicide in violation of R.S. 14:32. He was found guilty after a jury trial and sentenced to serve five years at hard labor. He appeals, relying on seven assignments of error. Because we find merit in the defendant's contention that no evidence was presented at trial to prove criminal negligence, an essential element of the crime of negligent homicide, it is unnecessary to discuss the remaining assignments of error.
The defendant's lack of evidence claim was raised in an application styled Motion in Arrest of Judgment. However, none of the grounds listed under C.Cr.P. 859 as grounds for a motion in arrest of judgment are mentioned. The substantive complaint in the motion is: "The verdict is contrary to the law and the evidence in that the evidence fails to establish that defendant was criminally negligent, as that term was defined by the Louisiana Supreme Court in State v. Jones, 298 So.2d 774, 775 (1974)." Because of the reference to State v. Jones we do not interpret this as an attempt on the part of the defendant to have the sufficiency of the evidence reviewed by this court. It was an effort of the defendant to present his claim of no evidence to the trial court. Although such a claim is usually raised by a motion for a new trial, this court has held that a rigid and formalistic approach denying the defendant the relief sought in the body of the motion merely because of the failure to properly caption the motion would retard rather than advance the interests of justice. State v. Nelson, 357 So.2d 1100 (La.1978). Regardless of the style of the motion, the trial judge was apprised of the defendant's complaint and the grounds therefor. Therefore, we will consider the no evidence issue as properly before this court for review.[1] It is well settled that a contention that no evidence was produced to prove an essential element of the crime charged presents a question of law which can be reviewed by this court. State v. Davis, 371 So.2d 788 (La.1979); State v. Douglas, 278 So.2d 485 (La.1973).
The crime of negligent homicide is defined as "the killing of a human being by criminal negligence." R.S. 14:32. Criminal negligence is defined in R.S. 14:12, which provides:
"Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances."
The Reporter's Comment to this section states in part: "Criminal negligence, in *1110 fact, corresponds to the concept of `gross negligence' in tort law. See Restatement of the Law of Torts (1934) §§ 282-284, 500." Section 500 provides:
"The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also invokes a high degree of probability that substantial harm will result to him."
In State v. Jones, supra, at 776, this court held: "Under these standards it is clear that proof of ordinary negligence does not constitute proof of criminal negligence. The State is required to show more than a mere deviation from the standard of ordinary care."
The record reveals that the defendant and a friend who was a passenger in his car at the time of the accident had each bought a quart of beer. A blood alcohol test was performed on the defendant's blood and the state's witness testified that the blood contained 0.05% alcohol. R.S. 32:662(A)(1) a provides that if there was at the time 0.05% or less by weight of alcohol in the person's blood, it shall be presumed that the person was not under the influence of alcoholic beverages. The record also shows that the defendant was traveling within the speed limit. Defendant and the passenger in his car both testified that the parked car looked as though it was an oncoming car traveling in their lane. They were unable to see that the car was actually parked on the shoulder of the road, and likewise unable to discern that people were standing by the parked car.
The defendant's conduct was not in reckless disregard for the safety of others. Faced with the unusual set of circumstances, which occurred in this case, it was logical for the defendant to perceive the parked car with its lights shining as an oncoming vehicle. He did what any reasonable man would do to avoid the accident-he pulled over to the shoulder on his side of the road. Although the testimony at trial revealed that the defendant did not reapply his brakes once his car hit the ditch, the wrong choice of action (if it was wrong) in an emergency does not meet the test of criminal negligence. See State v. Harrell, 232 La. 35, 93 So.2d 684 (1957). The facts at best show only ordinary negligence. The state has failed to introduce any evidence of more than a mere deviation from the standard of ordinary care as required by this court under R.S. 14:12. Therefore, there was no evidence presented to show that the defendant was guilty of criminal negligence.
When this court upon review finds no evidence of an essential element of the crime charged, the double jeopardy clause of the Fifth Amendment precludes a second trial and requires the direction of a judgment of acquittal. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); State v. Liggett, 363 So.2d 1184 (La.1978).
For the reasons assigned, the conviction and sentence are annulled and set aside, and the defendant is ordered discharged.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I respectfully concur. A reasonable trier of fact could not find beyond a reasonable doubt from the evidence herein that the defendant was guilty of a gross deviation below the standards of care expected to be maintained by a reasonably careful man. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
NOTES
[*] Honorable Edward A. de la Houssaye, III participated in this decision as an Associate Justice Ad Hoc.
[1] See State v. Williams, 354 So.2d 152 (La. 1977), contra, apparently overruled in State v. Peoples, 383 So.2d 1006, No. 66091 on the docket of this court, decided this date.