508 So.2d 143 (1987)
STATE in the Interest of Lamont C. MALTER.
No. CA-6588.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1987.
William J. Guste, Jr., Atty. Gen., Harry F. Connick, Dist. Atty., and Charles L. Collins, Asst. Dist. Atty., New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
Before BYRNES, LOBRANO and WILLIAMS, JJ.
BYRNES, Judge.
On July 2, 1986, the State charged the defendant, fourteen-year-old Lamont C. Malter, with negligent homicide, a violation of R.S. 14:32. Malter was found guilty of the charge, adjudicated a delinquent, given a five year suspended sentence and placed on probation. On appeal Malter asserts that the State failed to present sufficient evidence to support the conviction. We disagree and affirm.
The facts surrounding this tragic event are as follows: On June 28, 1986, Malter and a nine-year-old friend, Dwayne Orso, were taking turns shooting cans in a courtyard with a borrowed Daisy .177 caliber air chamber BB gun when an acquaintance, Keith Lawson, approached the pair on his bicycle. Although there was some conflicting evidence as to what happened next, Malter apparently pointed the gun at Lawson, prompting the victim to exclaim "Say, man, don't point that gun at me, don't point that gun at me". Malter then fired the BB gun, hitting Lawson in the chest and causing him to fall from his bicycle. Shortly thereafter, the victim was taken to Charity Hospital where he died from a BB wound to his heart.
By his sole assignment of error, Malter asserts that the evidence was insufficient *144 to find him guilty of negligent homicide. In reviewing this claim we must determine whether, viewing the evidence in the light most favorable to the prosecution, any rationale trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). This test applies to both direct and circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985).
To find Malter guilty of negligent homicide, the State was required to prove that he killed a human being by criminal negligence. R.S. 14:32. Criminal negligence exists when:
[T]here is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances. R.S. 14:12.
In defining the degree of negligence contemplated by the criminal negligence statute, the Supreme Court in State v. Jones, 298 So.2d 774 (La.1974) cited with approval the Reporter's Comment to R.S. 14:12 which states that "Criminal negligence, in fact, corresponds to the concept of `gross negligence' in tort law. See Restatement of the Law of Torts (1934) Section 282-284, 500." Section 500, subsections (f) and (g) of the Restatement provide in pertinent part that:
Reckless misconduct differs from intentional wrongdoing in a very important particular. While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it. It is enough that he realizes or, from facts which he knows, should realize that there is a strong probability that harm may result, even though he hopes or even expects that his conduct will prove harmless.
It differs from that form of negligence which consists in mere inadvertence, incompetence, unskillfulness or a failure to take precautions to enable the actor adequately to cope with a possible or probable future emergency in that reckless misconduct requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man.
Under the standard set forth in Jones, the State must prove that the defendant was guilty of gross negligence or a gross deviation from the reasonable man's standard of care in order to support a finding of criminal negligence. In determining whether a juvenile's conduct has deviated beyond the reasonable man's standard of care, due regard must be given to the offender's age, maturity, intelligence and knowledge, both generally and as to the particular situation involved, as well as to all the facts and circumstances of the case, including the particular risk that produced the injury. See Gremillion v. State Farm Mutual Insurance Co., 331 So.2d 130 (La.App. 3rd Cir.1976).
In the present case, the record supports a finding that Malter was cognizant that the BB gun was loaded and capable of producing serious injury if shot at a person. Although he testified that he had previously been shot in the leg by a BB gun and felt only a stinging sensation, he nonetheless acknowledged that he was aware that a shot from a BB gun could put a person's eye out or kill a bird and that he had been warned never to point a gun at anybody. From this testimony it is clear that while Malter may not have known that a BB gun was capable of killing a person, he did know that serious injury, such as the loss of an eye, could result from shooting a BB gun at someone. Moreover, while we have no doubt that the defendant did not intend the tragic consequences which resulted from his impulsive act, it is not exculpatory that he hoped or expected that his conduct would prove harmless. See State v. Jones, supra, Restatement of the Law of Torts (1934) Section 500.
The fact is that Malter intended to shoot the victim and was aware that serious harm might result from his action. In our opinion, the circumstances support a finding that the defendant's conduct constituted *145 an egregiously gross deviation from the standard of care to be expected of a fourteen-year-old youth under similar circumstances.
We therefore conclude that viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to prove beyond a reasonable doubt that Malter was guilty of negligent homicide.
Having reviewed the record for errors patent and finding none, we affirm the ruling below.
AFFIRMED.