571 So.2d 908 (1990)
STATE of Louisiana
v.
Earl ROCK.
No. 90-KA-495.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 1990.
Rehearing Denied January 17, 1991.
Terry W. Sercovich, Belle Chasse, for defendant/appellant.
Larry Alterman, Dorothy A. Pendergast, Asst. Dist. Attys., Parish of Jefferson, Research & Appeals, Gretna, for State.
Before CHEHARDY, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, Earl Rock, was convicted of two counts of negligent homicide (LSA-R.S. 14:32) and sentenced to five years at hard labor on each count, with the sentences running concurrently. Additionally, the trial court ordered the defendant to pay a $5,000.00 fine, plus court costs. The defendant appeals his convictions and sentences. We affirm.
On the afternoon of February 7, 1989, the Rogers' family, traveling in a Dodge Caravan, was proceeding east in in the eastbound lane on the Lapalco Bayou Segnette Bridge in Westwego, Louisiana. As the Caravan ascended the steep, two-lane *909 bridge, an Oldsmobile Cutlass, driven by the defendant, topped the bridge traveling in the center of the two lanes. The Cutlass then crashed head-on into the Caravan in the eastbound lane, killing Carrie Rogers and her eleven-year old son Jason Rogers. Photographs taken at the scene of the accident place defendant's car against the guard rail of the oncoming lane of traffic at the point of impact.
The defendant first alleges that the trial court committed reversible error in refusing to allow defendant to argue to the jury that finding the defendant guilty would mandate a jail sentence.
When the penalty imposed by the statute is a mandatory one, with no judicial discretion as to its imposition given, the trial judge must inform the jury of the penalty on request of the defendant and must permit the defense to argue the penalty to the jury. In other instances, where the trial judge is afforded discretion in sentencing, the decision to permit or deny an instruction or argument on an offense's penalty is within the discretion of the trial judge. State v. Jackson, 450 So.2d 621 (La.1984).
Assuming arguendo that defendant is correct in his assertion that his sentence cannot be suspended due to his prior felony conviction, the penalty for vehicular homicide is not mandatory since the trial court is afforded the discretion to impose a sentence of "up to five years." The trial judge is given wide latitude in rulings on closing arguments and we see no abuse of his discretion in his ruling denying argument on an offense penalty to the jury.
The defendant also alleges that the evidence adduced at trial is insufficient to support his convictions.
In evaluating the sufficiency of the evidence, the standard to be used by the appellate court is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305 (La.1988); State v. DiLosa, 529 So.2d 14 (La.App. 5 Cir.1988); writ denied, 538 So.2d 1010 (La.1989).
The defendant was convicted of two counts of negligent homicide in violation of LSA-R.S. 14:32, which provides in pertinent part: "Negligent homicide is the killing of a human being by criminal negligence."
LSA-R.S. 14:12 defines criminal negligence as follows:
"Criminal negligence exists when although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances."
Unlike general or specific criminal intent, criminal negligence is essentially negative. Rather than requiring the accused intend some consequences of his actions, criminal negligence is found from the accused's gross disregard for the consequences of his actions. State v. Martin, 539 So.2d 1235 (La.1989).
Ordinary negligence does not constitute proof of criminal negligence. The State is required to show more than a mere deviation from the standard of ordinary care. State v. Jones, 298 So.2d 774 (La.1974). State v. Pearson, 529 So.2d 406 (La.App. 1 Cir.1988).
The evidence adduced at trial supports the convictions in this case. The accident occurred on the Lapalco Bridge, a two-way roadway which is divided by two double yellow, no passing, lines. On each side of the bridge, signs are posted which say, "Do Not Pass."
An eyewitness testified that he saw the defendant's car centered between two lanes at the top of the bridge. Photographs taken at the point of impact some 600 feet from the beginning of the bridge show that defendant's vehicle was completely in the opposite lane when the accident occurred. Mr. Rogers, the driver of the victims' vehicle, testified that, immediately prior to *910 the accident, he heard his wife say "Look at this fool on our side [of] the road." Officer Bidwell of the Accident Investigation Division of the Jefferson Parish Sheriff's office testified that there were no skid marks or brake marks on the street. As a result of his investigation of the accident, the officer testified as follows:
"I determined that the victim, a Mr. Rogers, was proceeding in the westbound main travel lane in his lane. There's no evidence that he committed any type of violation whatsoever.
On the other hand, the defendant, Mr. Earl Rock, for some unknown reason, was traveling westbound in the eastbound main travel lane and he struck the other vehicle head-on."
The defendant testified that he ascended the bridge driving in the right hand lane and traveling within the speed limit. He could not recall crossing the center line, but he remembered sneezing twice before the accident and subsequently waking up on the steering wheel after the collision. He indicated that the sneeze probably caused him to enter the left hand lane.
In alleging that there is insufficient evidence to support his convictions, defendant relies on State v. Crawford, 471 So.2d 778, 781 (La.App. 2 Cir.1985), in which defendant's pick-up truck crossed the center line and struck another vehicle. In reversing defendant's conviction for negligent injury, the court said:
"There is no evidence that defendant's action in driving across the center line was anything more than inadvertent carelessness or negligence. While the crossing of the center line would constitute ordinary negligence, we find that this fact alone is insufficient to conclude that the defendant's actions constituted gross, criminal negligence. The evidence does not support a conclusion that the defendant's conduct reflected a reckless disregard for the safety of another. Therefore, we conclude that the trial court erred in equating the crossing of the center line with gross negligence."
However, this case is distinguishable from Crawford, supra. The evidence in this case shows that not only did the defendant cross the center line, he was actually traveling in the opposite lane of a two-lane bridge, clearly marked "Do Not Pass" at the time of the accident. The jury found that this constituted gross negligence and we see no reason to disturb that finding. Accordingly, we conclude that sufficient evidence exists to support defendant's two convictions for negligent homicide.
Defendant also requests that we review the record for error. We have conducted an "error patent" review in conformity with C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and find no errors patent on the face of the record.
For the above-discussed reasons, the defendant's convictions and sentences are affirmed.
AFFIRMED.