Dear Mrs. Hollingsworth:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
Your inquiry is restated herein:
 Can the crime of negligent homicide be compensated by the Crime Victim's Reparation Board if the crime involved a vehicle? The application giving rise to the question involved a person on a bicycle who was struck and killed by a motorist.
The Crime Victim's Reparations Board was created under the authority of LSA-R.S. 46:1803. The board may make an award and order the payment of reparations for pecuniary loss in those instances delineated in LSA-R.S. 46:1805, which provides:
§ 1805 Crimes to which Chapter applies
 A. The board may make an award and order the payment of reparations for pecuniary loss in accordance with the provisions of this Chapter for personal injury, death, or catastrophic property loss resulting from any act or omission to act that is defined as a misdemeanor under any local ordinance or as a crime under state or federal law and involves the use of force or the threat of the use of force.
 B. (1) For the purposes of this Chapter, the operation of a motor vehicle, boat, or aircraft that results in personal injury or death shall not constitute a crime unless the personal injury or death was intentionally inflicted through the use of such vehicle, boat, or aircraft, or was caused by an operator in violation of R.S. 14:98 or R.S. 14:100.
 (2) "Intentionally inflicted" includes, but is not limited to personal injury or death resulting due to operation of a motor vehicle, boat, or aircraft used to flee the scene of a crime in which the operator of a motor vehicle, boat, or aircraft knowingly participated.
 C. For the purposes of this Chapter, a person shall be deemed to have committed a criminal act or omission notwithstanding that by reason of age, insanity, drunkenness, or other reason he was legally incapable of committing a crime.
You specifically inquire as to whether the crime of negligent homicide involving a motor vehicle may be included within the crimes for which the board will provide compensation. Negligent homicide is the killing of a human being by "criminal negligence." LSA-R.S. 14:32. Criminal negligence is defined within LSA-R.S. 14:12 as follows:
§ 12. Criminal negligence
 Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.
Unlike general or specific criminal intent, criminal negligence is essentially negative. Rather than requiring the accused to intend some consequences of his actions, criminal negligence is found from the accused's gross disregard for the consequences of his actions. See State v. Rock, 571 So.2d 908 (La.App. 5th Cir. 1990), writ den., 577 So.2d 49 (La. 1991).
Section B of LSA-R.S. 46:1805 quoted above exempts from compensation those vehicle-related injuries which are not intentionally inflicted. As previously noted, the crime of negligent homicide does not require the accused to intend the consequences of his actions. Therefore, in accordance with LSA-R.S. 46:1805(B) quoted above, we conclude that crimes involving a vehicle may not be compensated by the board unless (1) the accident was intentional, (2) the accident was caused as a result of intoxication (LSA-R.S. 14:98), or (3) the accident resulted from a hit and run. (LSA-R.S. 14:100).
Finally, we are aware of previously released Opinion 84-685 addressing this issue. The author therein concluded that the phrase "intentionally inflicted" encompasses criminal negligence offenses. As is apparent, we find this reasoning overbroad. Opinion 84-685 is recalled to the extent that it is inconsistent with the reasoning expressed herein.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
BY: KERRY L. KILPATRICK Assistant Attorney General KLK:ams 0037y