11 GAUDIN, Judge.
This is an appeal by G.R., adjudicated a delinquent on June 15, 1995 after the state proved to the trial judge’s satisfaction that he (1) violated LSA-R.S. 14:32, the negligent homicide statute, in that he did kill another juvenile by criminal negligence, and (2) violated LSA-R.S. 14:69, possession of stolen things. For the following reasons, we affirm the adjudication of delinquency and the finding that G.R. violated R.S. 14:69; however, we set aside the finding that he was guilty of gross criminal negligence, which is required in negligent homicide cases.
At the same hearing, G.R. was found not guilty of simple burglary of an inhabited dwelling, LSA-R.S. 14:62.2.
For the possession of stolen things violation, G.R. was sentenced on August 7,1995 to two years detention, or until his 21st birthday, to run concurrent with the three-year detention for the R.S. 14:32 violation. We Raffirm only the two-year detention for violation of R.S. 14:69.
On July 9,1994, G.R., then 16 years of age, and others were at the home of J.H., G.R.’s girlfriend, in Metairie, Louisiana. Also there were K.O., S.H. and M.S., male juveniles. From M.S.’s trial testimony[1] and from a stipulation entered into at the hearing, it is apparent that K.O. and S.H. had what M.S. called a “minor disagreement.” K.O. then went outside and returned with a semi-automatic 9 mm handgun, which K.O. had stolen from his stepfather. K.O., according to M.S., “got stupid” with the gun and G.R. took it away from him. G.R. sat down at a kitchen counter bar and started to unload the weapon. M.S. said that G.R. “... was taking the clip out. Like, he took the clip out, and after he took the clip out was when it went off.” S.H. was struck in the chest and died shortly thereafter. M.S. stated that G.R. freaked out, went into shock.
M.S. testified that prior to the shooting, G.R. had not waved the gun around or done anything careless with it. G.R. was, M.S. said, still trying to unload the gun when it discharged.
S.H., M.S. said further, happened to be passing by when the gun was fired.
It appears that while G.H. failed to observe safety precautions in attempting to unload the gun, he was not guilty of gross criminal negligence required for a finding of negligent homicide.
Criminal negligence, defined in LSA-R.S. 14:12, exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender’s conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.
¡.-¡Ordinary negligence does not constitute proof of criminal negligence. See State v. Rock, 571 So.2d 908 (La.App. 5 Cir.1990), writs denied at 577 So.2d 49 (La.1991).
Here, the state had to show more than a deviation from the standard of ordinary care. G.R. had taken the gun away from K.O. and was trying to unload it when it went off accidently. The gun was not G.R.’s, he had taken possession of it to prevent K.O. from hurting someone and he (G.R.) did not do anything menacing with the weapon.
*1011 In State v. Barberousse, 480 So.2d 273 (La.1985), cited by the state, the defendant was convicted of negligent homicide when he pointed a gun at another man to scare him. As the weapon was being lowered, it went off, striking a nearby woman. This was gross criminal negligence, not ordinary negligence as existed in the very tragic and unfortunate case now before us.
We are not aware of any reported Louisiana negligent homicide conviction, and none has been cited for us, under circumstances similar to those involved here. G.R. was negligent in trying to unload the gun as he did but it wasn’t negligent homicide as described by and in the statute and in this state’s jurisprudence.
According to the entered-into stipulation, G.R.’s actions following the shooting indicate that he possessed two assault rifles under circumstances he knew or had good reason to believe had been stolen. The rifles, which had in fact been stolen from a residence, were in G.R.’s possession for some time prior to July 9, 1994. After telling his girlfriend that he had purchased the weapons from an unknown black male in the Fischer housing development in Algiers, G.R. hid the rifles in his girlfriend’s closet.
| immediately after S.H. was shot, G.R., no doubt anticipating the arrival of police officers, took the rifles out of the closet. He left the house, jumped over two wooden fences and hid the weapons under a shed. He was observed by a neighbor, who informed police. The rifles were recovered following a search by officers. This was sufficient direct and circumstantial evidence to prove an R.S. 14:69 violation.
ADJUDICATION OF DELINQUENCY AND TWO-YEAR DETENTION FOR VIOLATION OF LSA-R.S. 14:69 AFFIRMED; VIOLATION OF LSA-R.S. 14:32 SET ASIDE.

. M.S. was the only juvenile who testified at the trial.