| JAMES F. McKAY, III, Judge.
The plaintiff, Carol Johnson, appeals the trial court’s granting of the defendants’, Elizabeth Simmons and Republic Underwriters Insurance Company, motion for summary judgment. We affirm.
FACTS AND PROCEDURAL HISTORY
On the evening of April 19, 1995, Eric Johnson (age 6) and Offie Simmons (age 8) were playing together outside of the apartment complex where Eric lived with his mother, Carol Johnson. Offie was visiting his grandmother who lived nearby. Carol *1078 Johnson was outside with the boys when they began playing but later went inside her apartment for some reason. When she returned the boys were no longer there.
Eric and Offie had gone to play in the backyard of an abandoned property located next to the apartment complex. While there, the boys discovered some white bottles with red lettering, which they attempted to break. Offie jumped on one of the bottles, causing it to break and spray its liquid contents on to the two boys. The boys were covered with a red liquid substance, which burned their |2clothing and skin. Thereupon, Eric ran home and Offie ran to his grandmother’s home.
The boys’ soiled clothing was removed and each of them was washed off. Shortly thereafter, the authorities, who had been alerted, arrived to investigate. Eric was then transported to Charity Hospital and Offie was transported to Children’s Medical Center. Both boys suffered chemical burn injuries to various parts of their bodies.
Carol Johnson, individually and on behalf of her minor son, Eric, filed suit against the owners of the abandoned property as well as Elizabeth Simmons (Offie’s mother) and her insurer, Republic Underwriters Insurance Company (Republic). Elizabeth Simmons and Republic filed a motion for summary judgment, which the trial court granted. It is from this judgment that the plaintiff now appeals. The issues involving the other defendants are not before this Court.
DISCUSSION
The issue before this Court is whether the trial court erred in granting summary judgment in favor of Elizabeth Simmons and Republic, finding that there were no genuine issues of material fact in dispute, and that pursuant to the undisputed facts and evidence presented, Carol Johnson would be unable to meet her burden of proof at trial of this matter with respect to the negligence of Elizabeth Simmons.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is ^appropriate. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue material fact, and that the mover is entitled to judgment as a matter of law. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). The party moving for summary judgment has the burden of proving two things: (1) that no genuine issue of material fact exists, and (2) that reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law. Penton v. Clarkson, 93-657 (La.App. 1 Cir. 3/11/94), 633 So.2d 918.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. LSA C.C.P. art. 967. Once a party seeking a summary judgment properly supports the motion and carries his burden of proof, the new law requires the non-moving party who opposes the motion for summary judgment to submit evidence showing the existence of specific facts establishing a genuine issue of material fact, effectively shifting the burden of proof to the non-moving party.... Lozier v. Security Transfer and Inv. Corp., 96-2690 (La.App. 4 Cir. 4/30/97), 694 So.2d 497.
*1079 In the instant case, the material facts are undisputed. It is clear to this Court that the plaintiff is unable to state a cause of action against these defendants with |4respect to the condition and security of the abandoned property. Therefore, the only question is whether the trial court erred in determining that Carol Johnson would be unable to prove that Elizabeth Simmons was negligent.
Liability would attach to Elizabeth Simmons pursuant to the Louisiana Civil Code articles establishing the liability of children and their parents for the tortious conduct of the children. Louisiana Civil Code articles 1758 and 1874 provide that minors are responsible for their torts. Whereas Louisiana Civil Code articles 237, 2317, and 2318 impose responsibility on the parents for damage occasioned by the torts of their children. Therefore, the first hurdle that the plaintiff must cross before liability attaches to Elizabeth Simmons is proving whether Offie committed a tor-tious negligent act.
The whole theory of negligence presupposes some uniform standard of behavior. The standard of conduct which the community demands is an external and objective one, rather than the individual judgment of the actor. The courts have dealt with this difficult problem by creating a fictitious person: the “reasonable man of ordinary prudence.” As to children, this Court has stated:
In determining whether a juvenile’s conduct has deviated beyond the reasonable man’s standard of care, due regard must be given to the offender’s age maturity, intelligence and knowledge, both generally and as to the particular situation involved, as well as to all the facts and circumstances of the case, including the particular risk that produced the injury. See Gremillion v. State Farm Mutual Insurance Co., 331 So.2d 130 (La.App. 3rd Cir.1976).
State in the Interest of Matter, 508 So.2d 143, 144 (La.App. 4 Cir.1987).
When we look at the instant case, we must ask whether the reasonably prudent eight-year old boy would have known that by jumping on some discarded |,«¡plastic bottles that he might cause serious chemical burns to his friend as well as to himself. The trial court ruled that the plaintiff failed to establish any such act on the part of Offie Simmons, and as such, granted summary judgment in favor of his mother and her insurer. We agree. We do not believe that the reasonably prudent eight-year old boy in this situation would realize the danger he faced when he undertook the activity in question.[1] Therefore, we find no negligence on the part of Offie Simmons. Accordingly, no liability should attach to his mother or her insurer.
For the foregoing reasons, we affirm the trial court’s granting of the defendant’s motion for summary judgment.
AFFIRMED.
PLOTKIN, J., dissents with written reasons.

. This is not to say that an eight-year old boy is incapable of negligence. See White v. Nicosia, (La.App. 4th Cir. 1977), 351 So.2d 234, 237.