| ¡PLOTKIN, J.,
dissenting with written reasons:
I must respectfully dissent from the majority’s conclusion that a reasonably prudent eight-year-old boy cannot, essentially as a matter of law, be held negligent for the injuries to plaintiffs child under the facts of this case. As indicated in the majority decision, the standard for determining the liability of a child is controlled by the standard of care of a “reasonable man,” giving “due regard” “to the of'fend *1080 er’s age, maturity, intelligence and knowledge, both generally and as to the particular situation involved, as well as to all the facts and circumstances of the case, including the particular risk that produced the injury.” State in the Interest of Matter, 508 So.2d 143, 144 (La.App. 4 Cir.1987).
According to the majority, the relevant injury in this case is “whether the reasonably prudent eight-year-old boy would have known that by jumping on some discarded bottles that he might cause serious chemical burns to his friend as well as to himself.” The majority then concludes that “the plaintiff failed to establish any such act on the part of Offie Simmons.” However, the majority’s analysis does not address any act, but instead focuses on the minor’s plaintiffs knowledge of harm. The majority then concludes that “we do not believe that the reasonably prudent eight-year-old boy in this situation would realize the danger he faced when he | ¿understood the activity in question.” If the majority’s point is that a reasonably prudent eight-year-old boy cannot understand that jumping on plastic bottles filled with some unknown liquid substance might cause some type of injury to himself or to his playmate, I disagree with that conclusion.
The standard to be applied to the child in this case requires that this court consider both the child’s general maturity, intelligence and knowledge, as well as his specific maturity, intelligence, and knowledge concerning the particular situation. Thus, it is inappropriate to begin with an inquiry into the specific maturity, intelligence, and knowledge of the child concerning the particular situation, without first considering the child’s general maturity, intelligence, and knowledge. The court must first consider whether the child had sufficient maturity, intelligence, and knowledge to understand that his unsupervised activity could have harmful consequences. That question is intensely fact specific and should not, in my view, be decided on summary judgment in the absence of some compelling evidence concerning the child’s general characteristics and abilities.