STATE OF LOUISIANA

VERSUS

MCKINSEY BOWMAN

NO. 25-K-475

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

October 14, 2025

Linda Tran
First Deputy Clerk

IN RE STATE OF LOUISIANA

---

APPLYING FOR SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NGHANA LEWIS, DIVISION "B", NUMBER 19,413

---

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and John J. Molaison, Jr.

## WRIT GRANTED

In this writ application, relator, the State of Louisiana, through the Attorney General, Liz Murrill, seeks review of the district court's August 25, 2025 ruling, which granted defendant's *Motion in Limine to Exclude Evidence and Argument Regarding Enhanced Criminal Negligence Standards Based on Vehicle Type*. For the reasons that follow, finding the district court erred in granting defendant's motion, we grant the State's writ application, reverse the district court's ruling, and remand the matter for further proceedings.

*Factual Background and Procedural History*

On January 8, 2020, defendant, McKinsey Bowman, was driving a semi-tractor trailer (18-wheeler), carrying a load of 80,000 pounds, when he ran a red light and struck the victim's vehicle, causing her death. As a result, defendant was charged with negligent homicide, "… the killing of a human being by criminal

negligence," a violation of La. R.S. 14:32.[1] Criminal negligence is found from the accused's gross disregard for the consequences of his actions. *State v. Rock*, 571 So.2d 908 (La. App. 5 Cir. 1990), *writ denied*, 577 So.2d 49 (La. 1991). At his arraignment on February 10, 2020, defendant pled not guilty.

On April 21, 2025, defendant filed a *Motion in Limine to Exclude Evidence and Argument Regarding Enhanced Criminal Negligence Standards Based on Vehicle Type*, which the State opposed. The matter came for hearing on August 25, 2025, after which the district court granted defendant's motion. In its oral reasons for granting defendant's motion, the district court stated:

> I'm going to grant the Motion in Limine, finding that the plain language of the statute for criminal negligence, which is R.S. 14:12, does not provide for - - essentially what the state would want is like a heightened - - a heightened standard based on the type of vehicle that's being driven, and if the legislature anticipated that, then the legislature would have addressed that by way of some subsection to the statute itself by way of giving - - giving us a broader like framework. The statute is narrowly defined.
> …[U]nder the facts presented by this case, the Court finds that the four corners of the statute, it simply don't [sic] permit the state to place that extra - -that heightened burden, and so therefore, I am going to grant the Motion in Limine.

This writ application followed.

### Discussion

In order to prove a defendant was criminally negligent, the State bears the burden of establishing that a defendant's conduct—in this case, running a red light while driving a semi-tractor trailer—constitutes a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like

---

[1] "Criminal negligence" is defined in La. R.S. 14:12, which provides:

Criminal negligence exits when although specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.

circumstances. *See La. R.S.* 14:12; *Rock*, 571 So.2d at 909. In its writ application, the State argues that, given its burden of proof, it is imperative that the State be allowed to introduce evidence of the type of vehicle defendant was operating at the time he caused the victim's death, as well as evidence regarding defendant's familiarity and/or training driving the tractor trailer. It argues that such evidence is relevant and necessary to prove defendant was criminally negligent, *i.e.*, that his "conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances." La. R.S. 14:12. In particular, the State avers that the type of vehicle defendant was operating at the time he struck the victim's vehicle is clearly "relevant," because the collision between his 80,000 pound semi-tractor trailer and the victim's vehicle was the direct cause of the victim's demise. The State further contends that making an argument that defendant failed to exercise reasonable care given the type of vehicle he was driving, and was therefore criminally negligent when he ran the red light and killed the victim, is the type of argument that falls squarely within the permissible scope of an attorney's argument under La. C.Cr.P. art. 774.[2]

In contrast, in support of its motion *in limine*, defendant argued that "had the legislature intended to create a heightened criminal liability standard for commercial drivers," it would have done so. Rather than cite to any specific statutory or jurisprudential authority for this proposition, however, defendant focused on the effect of allowing such evidence and argument would potentially have on "interstate commerce, conflict with federal and state regulatory schemes, and/or create jurisdictional and/or enforcement problems." Specifically, in bullet-point form, defendant set forth a list of issues, including but not limited to,

---

[2] Louisiana Code of Criminal Procedure Article 774, which sets forth the permissible scope of an attorney's argument, provides in part:

> The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.

"standards problem," problems with "notice" regarding what standards apply and when, commerce clause implications, due process problems, and conflicts with existing federal and state regulations.

According to its oral reasons stated at the close of the hearing, the district court granted defendant's *motion in limine* on the basis that allowing the State to make this argument would somehow place a "heightened burden" on defendant "based solely on a defendant's lawful choice of vehicle and occupation." We disagree.

In *State v. Watson*, 09-1387 (La. App. 1 Cir. 12/23/09), 2009 WL 4981483, which is factually on point, where evidence of the defendant driver's familiarity and experience of operating a 40,000-pound semitrailer that could not readily stop, slow, or turn once the brakes were engaged, was admissible to prove that, under the circumstances presented, the defendant's conduct in running a red light constituted criminal negligence. *Id*. at *6. As established by the First Circuit in *Watson*, we find that if an appellate court can consider this type of evidence on appeal in determining whether the State carried its burden of proving criminal negligence beyond a reasonable doubt, a jury should be able to consider the same facts at trial when determining defendant's guilt or innocence in the present case; *i.e.*, whether defendant, "an experienced, trained, specifically licensed driver operating a very dangerous piece of equipment," was criminally negligent.

For the foregoing reasons, the State's writ application is granted, the district court's ruling granting defendant's motion *in limine* is reversed, and the matter is remanded for further proceedings.

Gretna, Louisiana, this 14th day of October, 2025.

**SMC**
**JGG**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>10/14/2025</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-K-475**

### E-NOTIFIED

40th District Court (Clerk)
Honorable Nghana Lewis (DISTRICT JUDGE)
Irena Zajickova (Relator)

Elizabeth B. Murrill (Relator)
J. Taylor Gray (Relator)

### MAILED

Stephen D. London (Respondent)
Attorney at Law
11 Catalpa Trace
Covington, LA 70433

John W. Russell, IV (Relator)
Assistant Attorney General
Louisiana Department of Justice
Post Office Box 94005
Baton Rouge, LA 70804

## CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

**For delivery information visit our website at www.usps.com₍₎**

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |

Postmark
Here

Stephen D. London
Attorney at Law
11 Catalpa Trace
Covington, LA 70433
25-K-475                    10-14-25

PS Form 3800, August 2006                    See Reverse for Instructions

7012 1010 0003 7112 5812

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Stephen D. London
Attorney at Law
11 Catalpa Trace
Covington, LA 70433
25-K-475                    10-14-25

9590 9402 2434 6249 3580 68

2. Article Number *(Transfer from service label)*

7012 1010 0003 7112 5812

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                                ☐ Agent
                                 ☐ Addressee

B. Received by *(Printed Name)*       C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
   ꝏ)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt